## STATE v. BURRILL AND LEONA CASEY.

(Filed 17 April, 1912.)

### Homicide—Evidence—Conviction of Less Offense—Instructions— Harmless Error.

A prisoner convicted of a less offense than the evidence discloses, if found by the jury to be the facts, cannot be heard to complain of an instruction which precludes from their consideration a finding for the greater offense.

STATE *v.* CASEY.

APPEAL from *Carter, J.,* at October Term, 1911, of CRAVEN.

The prisoners were jointly indicted for the murder of Joseph Whitty, who died 22 May, 1910. The charge of the State is that the deceased came to his death by means of poison administered by the defendants with felonious intent. The prisoners were convicted of murder in the second degree, and were sentenced to the State Prison for a period of ten·years each.

*Attorney-General Bickett, Assistant Attorney-General Calvert, and D. L. Ward for the State.*

*Carl Daniels and W. D. McIver for defendants.*

### APPEAL OF THE PRISONER BURRILL CASEY.

BROWN, J. The evidence in this case tends to prove that the *feme* prisoner was the wife of Joseph Whitty, the deceased, and that she was married to her coprisoner, Burrill Casey, about a month after the death of Whitty. There is most abundant evidence in the record that the deceased came to his death by means of poisoning.

It would serve no good purpose to review the evidence in this case, which tends strongly to prove, not only that the deceased came to his death by means of poison, but that the poison was administered by these unfortunate prisoners.

We have examined carefully the exceptions to the evidence, and the exceptions to the charge of the jury, and we find all of them without merit. The charge of the court was comprehensive and clear, and gave the prisoners the benefit of every instruction that they were entitled to.

1. It is contended that the solicitor had no right to place the prisoners upon trial for murder in the second degree only, and that it was their privilege to be tried for the capital felony, and the prisoners excepted to so much of his Honor's charge as instructed the jury that they could not convict the prisoners, or either of them, of any higher offense than murder in the second degree.

We fail to see that the prisoners have any reasonable ground for complaint because their lives were not put in jeopardy, and instead they were tried for an offense punishable only by im-

prisonment in the penitentiary. It is the settled law in this State that the prisoner cannot complain of an instruction which could not possibly be prejudicial to him, but was in his favor.

It is true, as contended by the prisoner, that the administration of poison with felonious intent, resulting in death, constitutes murder in the first degree, but the fact that the State saw fit to ask for a verdict of murder in the second degree is a degree of mercy extended to the prisoner, of which no reasonable person can complain. This question has been discussed and settled by this Court in *S. v. Matthews,* 142 N. C., 621; *S. v. Quick,* 150 N. C., 820; and *S. v. Freeman,* 122 N. C., 1012.

Upon a review of the entire record, we find

No error.