## STATE v. WILLIAM BRANCH.

(Filed 27 April, 1927.)

**1. Homicide—Evidence—Verdict.**

> Upon the trial for a homicide the jury may accept in part the defendant's evidence tending to establish his innocence and convict him upon other evidence tending to establish his guilt beyond a reasonable doubt, and where the evidence thus introduced is sufficient to convict the defendant of murder, both in the first and second degree, a verdict convicting the defendant of the lesser crime will be sustained.

**2. Same—Malice—Presumptions.**

Evidence that a prisoner killed the deceased with a pistol shot is sufficient of malice necessary to sustain a verdict of murder in the second degree.

**3. Appeal and Error—Objections and Exceptions—Instructions.**

Where it is contended on appeal that the court erroneously instructed the jury upon the evidence of the case, the appealing party must aptly except to the instruction or a refusal of a proper prayer therefor, or it will not be considered on appeal.

**4. Appeal and Error—Instructions—Harmless Error.**

Where upon the trial for a homicide the defendant is convicted of murder in the second degree, an exception to a charge on the issue of murder in the first degree is not prejudicial error.

**5. Homicide—Evidence—Letters—Husband and Wife.**

Letters introduced on the trial for a homicide from the prisoner to his wife, properly identified by a third person and introduced by him without the procurement of the wife, may be received as evidence.

APPEAL by defendant from *Daniels, J.,* at November Term, 1926, of GRANVILLE. No error.

Indictment for murder. From judgment upon the verdict, to wit, that defendant is guilty of murder in the second degree, defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*T. Lanier, G. M. Beam and John W. Hester for defendant.*

CONNOR, J. The evidence on behalf of the State tends to show that Clyde Cannady was shot and instantly killed, while in an automobile on the public road leading from Franklinton to Oxford on Christmas Eve night, 1924.

The body of Clyde Cannady was found in his automobile on Christmas morning, 1924, between eight and nine o'clock. There were two bullet wounds upon his head—one near the eye and the other on his cheek. These wounds caused his death. In the opinion of Dr. J. A. Morris, the county health officer, who examined the body soon after it was discovered, deceased had been dead for more than six hours.

Pistol shots were heard between 11 and 12 o'clock Christmas Eve night, 1924, at a distance of about half a mile from the place where the automobile was found the next morning. The sound of these pistol shots indicated that they were fired near the place where the body of deceased was found. It came from that direction. A pistol was found in the automobile at the time the body of deceased was discovered. It

was not loaded and had not been fired. There was evidence that this pistol belonged to the deceased. It was found on the shelf in the automobile, back of the seat.

The automobile, when found on Christmas morning, was on the right-hand side of the road, near the edge of an open field. Its tracks indicated that it had been turned out of the road about ten feet from where it was standing, and that it had not been stopped suddenly. Its lights were still burning; the key was in the switch. Both doors were closed and the windows were up. There was a small hole, evidently made by a bullet, through the glass of the door on the left-hand side. There were tracks of a man on the ground, on the right side of the automobile, which was headed toward Oxford. Deceased was sitting under the steering wheel, as if he had been driving the automobile; he had fallen over to the right side, with his head toward the right-hand door. His clothes were bloody; his pockets had been turned inside out, and were stained with blood. Blood was smeared on the back of his overcoat as if some one had put his arms around him. No money, except some small change, was found in the pockets of deceased. In the back of the automobile—a Ford coupe—there were twelve gallons of whiskey, in half-gallon Mason fruit jars. There was evidence tending to show that deceased was engaged in the manufacture and sale of whiskey, and that it was his purpose to take the whiskey found in his possession to Richmond on Christmas day.

The evidence relied upon by the State to establish the guilt of defendant was, chiefly, the testimony of two witnesses as to statements made by defendant to each of them, one in May, and the other in July, 1925. These statements were made after another person had been tried on an indictment for the murder of Clyde Cannady and acquitted. Both witnesses testified that defendant told them that he was the man who had shot Clyde Cannady. These witnesses testified that defendant told each of them that he and the person who had been tried and acquitted had been hired to kill Cannady, and had received one hundred dollars for doing so; that they had divided the money. There was evidence from which the jury could find facts and circumstances tending to corroborate these witnesses and to sustain the contention of the State that defendant shot Clyde Cannady with a pistol, thus causing his death.

Defendant, as a witness in his own behalf, denied that he had made statements to either of these witnesses as testified by them. He offered evidence tending to impeach the witnesses whose testimony was offered by the State as evidence of confessions by the defendant, and also evidence to contradict and impeach the witnesses whose testimony tended to show that defendant had been with deceased during Christmas Eve

night, prior to the time at which the State contended that deceased was shot and killed. There was evidence, also, on behalf of defendant, tending to corroborate his testimony with respect to his defense of an alibi.

The evidence on behalf of the State is sufficient to sustain its contention that defendant killed Clyde Cannady, with a deadly weapon, and is therefore guilty of murder in the second degree, at least. There was also evidence from which the jury might well have found that defendant was guilty of murder in the first degree if they believed the evidence, and found the facts to be as the evidence tended to show beyond a reasonable doubt. This evidence tended to show that the murder was a deliberate and premeditated killing, and was committed in the perpetration or attempt to perpetrate a felony. The credibility and weight of the evidence, however, was necessarily to be determined by the jury. A jury may believe and accept part of the State's evidence, and reject part, because they are not satisfied beyond a reasonable doubt of the truth of the evidence which they reject. Defendant cannot complain that the jury did not find from the evidence, beyond a reasonable doubt, facts which the court instructed them must be so established before they could return a verdict of guilty of murder in the first degree. Defendant's contention that there was error on the trial below because there was no evidence to sustain the verdict that defendant is guilty of murder in the second degree cannot be sustained. Defendant did not request an instruction in accordance with this contention, nor did he except to the charge in which the court instructed the jury with respect to murder in the second degree. The contention is not properly presented upon this record. If, however, it had been properly presented and could be sustained, the error would not be prejudicial to defendant. In *S. v. Casey*, 159 N. C., 472, it is said to be the settled law of this State "that the prisoner cannot complain of an instruction which could not possibly be prejudicial to him, but was in his favor." The jury having found from competent evidence, beyond a reasonable doubt, under instructions free from error, that defendant killed the deceased, with a deadly weapon, defendant cannot complain that the jury were not further satisfied beyond a reasonable doubt that he killed deceased, after deliberation and premeditation, or in the perpetration or attempt to perpetrate a felony.

Within ten days after Clyde Cannady was shot and killed, defendant left his home in this State and went to Hartford, Conn. He remained there for about seven weeks and then returned home. While in Connecticut defendant wrote and sent, by mail, certain letters to his wife, who had remained at their home in this State. The wife gave these letters, at the request of defendant, to Mr. Kearney. They were offered in evidence by the State. Defendant objected to the introduction of

these letters and excepted to the refusal of the court to sustain his objections. The assignment of error based upon this exception cannot be sustained. The letters were sufficiently identified. *Chair Co. v. Crawford, ante,* 531. They were brought into court, not by the wife, but by a third person to whom she had voluntarily given them, at the request of defendant. *S. v. Wallace,* 162 N. C., 623. There is no evidence tending to show that she gave them to Mr. Kearney to be used as evidence against defendant. The letters have but little probative value as evidence, and their introduction could not be held as error entitling defendant to a new trial.

We find no error in this record and the judgment is affirmed.

No error.