STATE v. A. J. CRAINE.

*Indictment for Murder—Homicide—Evidence—Dying Declarations—Instructions to Jury—Remarks of Counsel—Discretion of Trial Judge.*

1. Where deceased made statements in contemplation of impending death, such declarations did not subsequently become incompetent because, contrary to his expectations, he lived five months afterwards.

2. On the trial of a defendant for murder, an affidavit made by the deceased before a magistrate immediately after receiving wounds from which he subsequently died, was admissible as corroborative of declarations, made on the same afternoon, in contemplation of death, although he expressed no expectation of death at the time of making such affidavit.

3. Where, on the trial of one for murder, there was no testimony tending to show that the killing was done in self-defense, it was proper to refuse instructions based upon that purely hypothetical state of facts.

4. Comments of counsel, in the argument to a jury, are under the supervision of a trial Judge, and this Court will not interfere with the exercise of his discretion unless it plainly appears that he has been too vigorous or too lax in exercising it to the detriment of the parties.

5. Where, upon an indictment for murder, the prisoner is convicted of a lesser offence, if upon appeal a new trial is granted the case goes back for trial *de novo* upon the charge of murder.

INDICTMENT for murder, tried before *Norwood, J.,* and a jury, at Fall Term, 1896, of YANCEY Superior Court. The defendant was convicted of manslaughter and appealed.

*Mr. Attorney-General Zeb V. Walser,* for the State.
No counsel, *contra.*

CLARK, J.: The deceased having been under the impression at the time of impending death, his statement then made is competent as dying declarations (*State* v. *Peace,* 46 N. C., 251), and this evidence did not subsequently be-

come incompetent because, in fact, contrary to his expectations he lived five months afterwards. *Com.* v. *Felch,* 132 Mass., 22; *State* v. *Smidt,* 73 Iowa, 469; *Reg.* v. *Reamy,* 7 Cox C. C., 209; *Fulcher* v. *State,* 28 Texas App., 465; 1 Roscoe Cr. Ev., 57; 1 Bishop Cr. Pr., Section 1212 (4). The deceased was stabbed at 3 P. M., and on that same afternoon he made the oral dying declarations given in evidence and also an affidavit before a justice of the peace for the arrest of the prisoner, in which he gave the same statement as to the manner of his being stabbed— in the back while running away from the prisoner. This statement made so nearly at the same moment would be competent as corroborative of his dying declaration, though, as in *State* v. *Peace,* it did not appear whether the deceased had expressed his expectation of dying before or after he made it. *State* v. *Arnold,* 35 N. C., 184; *People* v. *Bemmerly,* 87 Cal., 117. Indeed, the contemporaneous written affidavit signed by the deceased is valuable to the jury as corroborative of the accuracy of the memory of the witness, who gave in evidence the oral declarations of the dceased made the same afternoon. If the deceased had given a different account of the transaction in his affidavit that afternoon, the prisoner should surely have had the benefit of it, and, on the other hand, that he made the same narration in his affidavit as in his oral statement is proper to go to the jury in corroboration. The other matters in the affidavit were not injurious to the prisoner, and their admissions, if error, were harmless to him. *Whitford* v. *Newbern,* 111 N. C., 272. There was no evidence tending to show that the killing was done in self-defence and the court properly refused the prayers for instruction based upon that purely hypothetical state of facts. *State* v. *Chavis,* 80 N. C., 353, and numerous cases cited in Clark's Code (2nd Ed.), p. 398.

The comments of counsel are under the supervision of the presiding judge, and unless it is clear that he has been too rigorous or too lax in exercising his discretion to the detriment of parties, this court will not interfere. *Goodman* v.*Sapp*, 102 N. C., 477.

The prisoner was only convicted of manslaughter, but the evidence disclosed a bald case of murder without any extenuating circumstances. The appellant ought to congratulate himself that we have not found error which would send the case back for a new trial. It was clearly intimated by Smith, C. J., in *State* v. *Grady*, 83 N. C., 643, 649, approving Ruffin, C. J., in *State* v. *Stanton*, 23 N. C., 424, that where the indictment is for murder and the conviction is for a lesser offence, the verdict having been set aside by the prisoner's own action in appealing, a new trial, if granted, must necessarily be for the offence set out in the bill of indictment.

No Error.