The prisoner was indicted for the murder of Williard Franklin, and was convicted of murder in the second degree, and from the judgment rendered, appealed to the Superior Court. The appeal came on to be heard at July Term, 1899, of the Superior Court, before Coble, J., who affirmed the judgment, and the prisoner appealed to the Supreme Court. The circumstances attending the homicide, the exceptions to his Honor, Judge Stevens's charge, and to his refusal to charge as requested, are stated in the opinion.
CLARK, J., writes the opinion.
MONTGOMERY, J., writes dissenting opinion.
The prisoner, convicted in the Criminal Court for (734) Madison County of murder in the second degree, appealed to the Superior Court, in which his assignment of error being overruled, he appeals to this Court. The only exceptions relied on, are that the court did not charge as requested, "that if the jury shall find from the evidence that the deceased assaulted the prisoner with a knife and being himself without fault had reason to apprehend that he was about to suffer death or great bodily harm unless he killed the deceased, then he could stand his ground and kill the deceased, and the killing would be justifiable," and that the court charged in lieu thereof: "Now if you are satisfied from the evidence that the prisoner previously had fights and quarrels with the deceased, but a reconciliation took place, and that they made friends about the card game, that the prisoner and the deceased entered into an engagement to go to Sodom, that the prisoner borrowed or hired a pistol for the purpose of taking it to Sodom, and not for the purpose of arming himself to kill the deceased, that the prisoner followed the deceased from Bud Gentry's house to the place of the homicide in pursuance of the engagement to go to Sodom, and that on approaching and overtaking the deceased, the deceased asked the prisoner, "Damn you, where are you going?" and the prisoner replied, "I don't like to be intruded upon or imposed upon," and if you shall be further satisfied from the evidence that thereupon the deceased wheeled right around and said, "Damn you, I will kill you," and commenced coming towards the prisoner and raised his right hand with an opened knife, with a blade three or four inches long, *Page 520 
and advanced within a step or two of the prisoner and the prisoner fired; and if you shall be further satisfied that at the time the prisoner shot the deceased he shot under the reasonable apprehension that he was about to lose his life or suffer great or enormous bodily harm, (735) and used no more force than a man of ordinary prudence would have used under similar circumstances, and that the fierceness and suddenness of the attack were such that he could not retreat with safety, he would not be guilty, and it would be your duty to render a verdict of not guilty."
The prayer asked was properly refused, and it is expressly so held inState v. Matthews, 78 N.C. at p. 534. It would not have been proper to have charged as asked if the prisoner "had reason to apprehend" he could stand, etc., but he must also actually have apprehended, or as the judge put it in his charge, given in lieu of this prayer, if the prisoner "shot under the reasonable apprehension," etc., then he would not be guilty.
The prisoner's counsel insists that it was error to tell the jury that, "if the fierceness and suddenness of the attack were such that he could not retreat with safety, the prisoner would not be guilty," if he slew the aggressor. There is nothing in this that the prisoner can except to. It is true, "there may be cases, though they are rare and of dangerous application, where a man in personal conflict may kill his assailant without retreating to the wall" (State v. Kennedy, 91 N.C. at p. 578), but the court was not asked to charge that this was such a case, and did not charge anything to the contrary. The charge must be construed by the context. The judge was charging the prisoner's view of the occurrence. His recital of facts was of those given in by the prisoner on the stand, an improbable account of the transaction on its face, and contradicted by the overwhelming weight of the evidence, but the judge told the jury that if they believed that was the state of facts, and the prisoner could not with safety retreat (which was the synonym of the statement, "if the deceased was advancing on him with raised blade three or four inches long and within a step or two of him"), then the prisoner was justifiable in (736) killing, and should be found not guilty. The jury evidently did not believe that state of facts.
This case differs from State v. Dixon, 75 N.C. 275, relied on by prisoner's counsel, in that there the prisoner was in his own dwelling, and had ordered the deceased out, but he returned and murderously assaulted the prisoner, advancing on him with a deadly weapon, when the prisoner shot and killed. The judge instructed the jury to render a verdict of manslaughter. This Court, in reversing the judge, went *Page 521 
on to say, though it was not necessary to the decision, that under such circumstances it was not incumbent upon prisoner to flee. He was in fact already at the wall. He was in his own dwelling. Some general expressions are used, but they must justly be construed with reference to the facts of that case or one very similar. Here, they are totally different. By the prisoner's own evidence there had been fights between him and the deceased, one very recently; he overtook the deceased in the road and, when accosted rudely by him, replied so rudely that the deceased attacked him with a knife. It was upon these circumstances that the judge told the jury, "If the fierceness and suddenness of the attack were such that the prisoner could not retreat with safety, he would not be guilty." As said in State v. Kennedy, supra, a much later case than State v. Dixon, the doctrine that a man can kill his assailant, though he could with safety retreat, is of "rare and dangerous application." It was applied properly in Dixon's case where the man assaulted was in his own dwelling, and was murderously assaulted by one he had ordered out. It does not apply to the facts and circumstances of this case, where the prisoner in the public road overtakes a man with whom he had recently had a fight, and the assault of the deceased follows a rude reply of the prisoner. In such case it is enough to say, "if the prisoner could not with safety retreat, he was justifiable in taking human life." State v. Dixon (737) is also noticed in State v. Vines, 93 N.C. 493, which says, that it went off upon the ground that the judge directed a verdict. The proposition that a man can slay notwithstanding he could retreat with safety has thus been restricted by the two cases cited, and certainly ought not to be extended beyond the circumstances of State v. Dixon or those very similar, and has not been so extended in any case in this Court. In fact it has not been since applied in any case. "Of rare and dangerous application," the doctrine certainly has no application to a fight in the public road, where the jury, in response to a charge, has found that the "suddenness and fierceness of the assault were not such that the prisoner could not with safety retreat," for if they were, then under the charge a verdict of not guilty would have been returned.
The weight of evidence, if believed, pointed to murder in the first degree, and it is doubtful at best if a new trial could have benefited the prisoner. He certainly has no just ground to hope for a more lenient verdict, and under all our authorities, if the case had gone back for a new trial it must have been for the offense charged in the bill. It is upon that charge that an appeal asks that the prisoner have a *Page 522 
trial de novo. State v. Stanton, 23 N.C. 424, and other cases cited inState v. Freeman, 122 N.C. 1012.
The judgment below is affirmed. This will be certified to the Superior Court for Madison County.
No error.
CASES DISPOSED OF BY PER CURIAM ORDER.
DELOATCH v. CUMMER Co., Northampton County. October 10. Affirmed.
TERRY v. N. C. RAILROAD Co., Bertie County. October 10. Affirmed. This case is governed by Culbreth v. Downing, 121 N.C. 205, and Narron v. R.Co., 122 N.C. 861.
JOHNSON v. N. C. RAILROAD CO. October 10. Dismissed for failure to bring up and print material parts of record.
STATE v. DENTON, from Nash. December 19. Affirmed.
HIGH v. PANNILL, from Vance. December 20. Affirmed.
STATE v. SEAGROVES, from Wake. December 19. Affirmed.
VASS v. McDONALD, from Wake. October 24. Affirmed.
COLLINS v. TEER, from Orange. November 28. Affirmed.
INGLEBRIGHT v. INGLEBRIGHT, from Alamance. Plaintiff's appeal docketed and dismissed under Rule 17, October 26.
BERNARD v. HEWLETT, from New Hanover. December 20. Reversed.
HERRING v. PUGH, from Sampson. Affirmed on authority of Gattis v.Griffin, at this term, December 5.
MITCHELL v. NOBLE, from Jones. Defendant's appeal docketed and dismissed under Rule 17, November 1.
STATE v. FORD, from Richmond. Dismissed December 19, on the ground that there is no bond on appeal or order allowing appeal in forma pauperis.
KENTWORTHY v. EMMETT, from Cumberland. Affirmed December 5.
BROWN v. W. W. RAILROAD CO. Affirmed November 14.
GEDDIE v. BREECE, from Cumberland. Affirmed November 14.
FLAKE v. N.C. RAILROAD CO., from Anson. Affirmed (744) November 14.
KENNEDY v. R. A. A. L. RAILROAD CO., from Moore. Affirmed November 14.
STATE v. BURGESS, from Randolph. Affirmed November 21.
CLEMENT v. ROSEMAN, from Rowan. Affirmed November 21.
GOODMAN v. CLEMENT, from Rowan. Compromised by the parties, October 27.
REEVES v. JONES, from Alleghany. Defendant's appeal docketed and dismissed under Rule 17, November 21.
WILSON v. ELLIOTT. from Catawba. Affirmed December 19. *Page 527 
WILSON v. FOSTER, from Burke. Motion of defendant for certiorari allowed December 12.
ABERNETHY v. MFG. CO., from Gaston. Affirmed December 12.
HICKS v. GRIZZLE, from Rutherford. Motion for new trial for newly discovered evidence denied, and judgment of Court below affirmed December 19.
HOFFMAN v. HOFFMAN, from Lincoln. Affirmed December 19.
WATKINS v. SCOGGIN, from Rutherford. Reversed December 19. This case is governed by Gattis v. Griffin, at this term.
MOTZ v. C. C. RAILROAD CO., from Lincoln. Plaintiff's appeal docketed and dismissed under Rule 17, December 8.
EVERETT v. SPENCER, from Swain. Settled and judgment against defendant for costs, December 12.
HENRY v. STEWART, from Macon. Affirmed December 19.
PORTER v. SHANK, from Macon. Affirmed December 19. (745)
ROGERS v. SWAYINGIM, from Haywood. Plaintiff's appeal docketed and dismissed, under Rule 17, December 14.
CHASTAIN v. ANDERSON, from Clay. Plaintiff's appeal docketed and dismissed, under Rule 17, December 16.
 *Page 29