## STATE v. MATTHEWS.

(Filed October 30, 1906).

*New Trial in Criminal Cases—Exceptions Abandoned—Homicide—Motion in Arrest of Judgment—Case on Appeal—Murder by Poisoning—Presumption of First Degree—Verdict for Lesser Offense.*

1. Upon appeal from a conviction for a lesser offense than that charged in the indictment, a new trial, if granted, must be upon the full charge in the bill.

2. It is in the election of an appellant to abandon in this Court any exceptions which out of abundant caution he may have taken below, and which upon reflection he thinks he should not press in this Court.

3. Where the record shows an indictment for murder in the form prescribed by Revisal, 3245 (which does not set out the means used), and a verdict thereon of murder in the second degree, as authorized by the statute, there is no ground in the record on which to base the prisoner's motion to arrest the judgment.

4. The "case on appeal" is a part of the transcript on appeal, and is a narrative of such matters which took place at the trial as are pertinent to the exceptions taken. It is no part of the record proper.

5. Rev., sec. 3269, authorizing a jury to return a verdict for a lesser degree of any offense on an indictment for a greater, and sec. 3271, empowering a jury to determine in their verdict whether the prisoner is guilty of murder in the first or second degree, apply equally to all indictments for murder, whether perpetrated by means of poisoning, lying in wait, imprisonment, starving, torture, or otherwise.

6. In an indictment for murder, when the homicide is shown or admitted to have been intentionally committed by lying in wait, poisoning, starvation, imprisonment, or torture, the law raises the presumption of murder in the first degree, but none the less if the jury convict of a less offense, it is within their power so to do under the statute, and the prisoner has no cause to complain that he was not convicted of the higher offense.

7. Intentional homicide by poisoning is not necessarily always murder in the first degree. The presumption may be rebutted.

INDICTMENT for murder, against J. B. Matthews, heard by *Judge G. S. Ferguson* and a jury, at the February Term, 1906, of the Superior Court of GUILFORD. From a verdict of murder in the second degree, and sentence thereon, the prisoner appealed.

*Robert D. Gilmer, Attorney-General.* with whom was *Walter Clark, Jr.,* for the State.

*Guthrie & Guthrie* and *Stedman & Cooke* for the prisoner. ·

CLARK, C. J. The prisoner, indicted for the murder of his wife, was convicted of murder in the second degree. His counsel quote as the settled ruling of this Court that, "Upon appeal from a conviction for a lesser offense than that charged in the indictment, a new trial, if granted, must be upon the full charge in the bill," and cite the cases to that effect, beginning with *State v. Stanton,* 23 N. C., 424, and since *State v. Grady,* 83 N. C., 643; *State v. Craine,* 120 N. C., 601; *State v. Groves,* 121 N. C., 568; *State v. Freeman,* 122 N. C., 1012; *State v. Gentry,* 125 N. C., 733, and say that the prisoner abandons all exceptions for which a new trial may be asked and "confines his appeal solely to a motion in arrest of judgment for matters appearing of record."

The statement of law, as to the rulings of this Court, is correct. The Supreme Court of the United States in a very recent case (*Trono v. United States,* 199 U. S., 521) has reviewed the authorities and sustained the principle that a

new trial in a capital case goes to the whole case regardless of the former verdict.

It is in the election of an appellant to abandon here any exceptions which out of abundant caution he may have taken below, and which upon reflection he thinks he should not press in this Court. This course has been often suggested and recommended by this Court, that counsel should "sift out and abandon those (exceptions) which on deliberation they find trivial and untenable. This would aid the Court to a just consideration of the appeal by directing its attention to what counsel deem the fatal errors only, which in the vast majority of cases can be presented by a very few exceptions." *Pretzfelder v. Insurance Co.,* 123 N. C., 167.

The record shows simply an indictment for murder in the form prescribed by Revisal, 3245 (which does not set out the means used), and a verdict thereon of murder in the second degree. Revisal, 3269, provides: "Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged or of an attempt to commit a less degree of the same crime." Revisal, 3271, provides that "the jury before whom the offender is tried shall determine in their verdict whether the crime is murder in the first or second degree." Upon the record there is an indictment for murder and a conviction of murder in the second degree, as authorized by statute. There is no ground in the record on which to base the prisoner's motion to arrest the judgment.

The prisoner contends, however, that it appears from the case on appeal and the evidence sent up therein that the indictment was for murder by poisoning, and that from the nature of the case this must be murder in the first degree. The "case on appeal" is a part of the transcript on appeal, and is a narrative of such matters which took place at the trial as are pertinent to the exceptions taken. It is no part

of the record proper.  *Thornton v. Brady,* 100 N. C., 38 (which has been often approved), defines the "record" as embracing only the summons or indictment, pleadings (in civil cases), verdict, and judgment.

But if the indictment had charged "poisoning" as the means by which the prisoner had committed the murder, the motion to arrest the judgment would be no better founded. Revisal, 3631, enumerates the instances of murder in the first degree as follows: "A murder which shall be perpetrated by means of poison, lying in wait, imprisonment, starving, torture, or by any other kind of wilful, deliberate, and premeditated killing, or which shall be committed in the perpetration of or attempt to perpetrate any arson, rape, robbery, burglary, or other felony, shall be deemed murder in the first degree." The above-cited sections of Revisal, 3269, authorizing a jury to return a verdict for a lesser degree of any offense on an indictment for a greater, and sec. 3271 empowering a jury to determine in their verdict whether the prisoner is guilty of murder in the first or second degree, apply equally to all indictments for murder, whether perpetrated by means of poisoning, lying in wait, imprisonment, starving, torture or otherwise.  In *State v. Freeman,* 122 N. C., 1016, the Court held that the Judge erred in telling the jury that in their discretion they could return a verdict of murder in either the first or second degree, but should have told them that they should find the prisoner guilty of that degree proved by the evidence (*State v. Covington,* 117 N. C., 834; *State v. Norwood,* 115 N. C., 791), and added: "This instruction was erroneous and not warranted by any decision of this Court, but it is an error in favor of the prisoners and one which cannot be complained of by them."  To same effect *State v. Hunt,* 128 N. C., 586; *State v. Caldwell,* 129 N. C., 684; *State v. Locklear,* 118 N. C., 1158; *State v. Gilchrist,* 113 N. C., 676 (these last two cases were for murder by lying in wait), and there are others.

At common law, when the intentional killing by a deadly weapon was shown, the law presumed malice aforethought, and the burden of reducing the offense to a lower grade by proof of matters of mitigation or excuse, devolved upon the prisoner. The statute dividing murder into two degrees (now Revisal, 3631) contains no reference to this rule, but this Court in *State v. Fuller,* 114 N. C., 885, held that one result of the division of murder into two degrees was that proof of intentional killing with a deadly instrument raised a presumption only of murder in the second degree, and the burden was on the State to aggravate the offense to murder in the first degree, as it was on the prisoner to reduce it. But this applies only to cases of homicide in which premeditation must be shown and not when the homicide is shown or admitted to have been committed by lying in wait, poisoning, starvation, imprisonment or torture. As to these, when intentionally done the law still raises the presumption of murder in the first degree, as the prisoner justly contends. But none the less if the jury convict of a less offense, it is within their power so to do under the statute. Nor is intentional homicide by poisoning necessarily always murder in the first degree. The presumption may be rebutted. At common law there might be a conviction of manslaughter on an indictment for homicide by poisoning, and in this case the Judge charged: "If, however, at the time he took the dose of morphine the prisoner had no thought or purpose to take the life of his wife, and afterwards, while under its influence, he administered the poison with intent to kill her, and at the time, from the effect of such morphine so taken, he was unconscious of the character of the crime he was committing, he would not be guilty of murder in the first degree for want of power to deliberate and act with premeditation and deliberation, but could not be excused because of the temporary insanity brought on himself voluntarily, and he would be guilty of murder in the second degree." There is no excep-

142—40

tion to this charge and we do not pass upon it, but the jury may have taken that view of the evidence. But whatever the reasoning of the jury, the prisoner has no cause to complain that he was not convicted of the higher offense.

No Error.