STATE v. CHARLEY BEAL, HAZEL McMAHAN, BOSE FAIN, MARY BEST, AND LEE ELLEN HARBIN.

(Filed 17 February, 1932.)

1. **Criminal Law F c—Where new trial is granted on appeal from conviction on one count plea of former jeopardy as to other counts is bad.**

Where the defendants, under indictment charging them with breaking and entering a store with intent to commit larceny, with larceny, and with receiving stolen property, are found guilty on the last count, and on appeal their request for a new trial is granted: *Held*, although there are some technical differences between a *venire de novo* and a new trial they both have the same result, and upon the subsequent trial the defendants' objection to a trial upon a new indictment containing substantially the same charges as the original and their plea of former acquittal as to the first two counts cannot be sustained, the granting of a new trial upon the defendants' request carrying with it a new trial upon all the counts in the indictment.

2. **Criminal Law G f—Admissions of one defendant were properly confined to question of his guilt in exclusion of that of other defendants.**

Where several defendants are on trial for the same offenses in one action, the admission in evidence of testimony of admissions of one of the defendants will not be held for error upon objection of the other defendants where it appears that the trial court carefully instructed the jury to consider the admissions only on the question of the guilt of the defendant making them.

APPEAL by defendants from *Harding, J.,* at August Term, 1931, of CHEROKEE.

The three counts in the indictment charge the defendants (1) with breaking and entering a storehouse occupied by one Lee Shields wherein merchandise, etc., was kept with intent therein to commit larceny in breach of C. S., 4235; (2) with the larceny of the personal property of said Shields; and (3) with feloniously receiving the property knowing it to have been stolen.

The following entry appears in the record:

"Upon the call of this case for trial, the defendants and each of them entered a plea that they, and each of them, had theretofore been tried and acquitted of the offense of burglary, and of the offense of larceny, alleged in the bill of indictment, and they and each of them requested the court to submit an issue to a jury on the said plea of former acquittal. To the charge of receiving stolen goods knowing them to have been stolen the defendants pleaded not guilty. Upon such plea the State and defendants admitted, and the court found, the following facts:

1. That the defendants were placed on trial at the March Term, 1930, upon the following bill of indictment, to wit: "State of North Carolina—Cherokee County — Superior Court — March Term, 1930. The jurors for the State, upon their oath present that Charley Beal, Hazel McMahan, Bose Fain, Mary Best, Jimmy Hunt, and Lee Ellen Harbin, late of the county of Cherokee, on 31 March, 1930, with force and arms at and in the county aforesaid, a certain store-house, shop, warehouse, banking house, counting house, and building, occupied by one Lee Shields, wherein merchandise, chattels, money, valuable securities were, and were being kept, unlawfully, wilfully, and feloniously did break and enter with intent, the merchandise, chattels, money, valuable securities of the said Lee Shields then and there being found, to steal, take and carry away, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.

"And the jurors for the State upon their oaths aforesaid do further present: that the said Charley Beal, Hazel McMahan, Bose Fain, Mary Best, Jimmy Hunt, Lee Ellen Harbin, afterwards, to wit: on the day and year aforesaid, with force and arms at and in the county aforesaid, the following articles of personal property, to wit: meat, lard, coffee, automobile fixtures, money and merchandise, goods and wares, of the value of fifty dollars, the goods, chattels and moneys of one Lee Shields, then and there being found, feloniously did steal, take and carry away, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State.

"And the jurors for the State upon their oaths aforesaid do further present: that the said Charley Beal, Hazel McMahan, Bose Fain, Mary Best, Jimmie Hunt, and Lee Ellen Harbin, afterwards, to wit: on the day and year aforesaid with force and arms at and in the county aforesaid, the said meat, lard, coffee, automobile fixtures, money, merchandise, goods and wares of the value of fifty dollars, of the goods, chattels and moneys of the said Lee Shields before then feloniously stolen, taken and carried away, feloniously did receive and have the said meat, lard, coffee, money, merchandise, goods and automobile fixtures then and there, well knowing said goods, chattels and moneys to have been feloniously stolen, taken and carried away, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State.                    DAVIS, *Solicitor.*"

2. "That the cause went to the jury after evidence having been offered and argument of counsel made, and the jury came in and rendered a verdict as follows: 'All of the defendants guilty on the third count of having these goods in their possession, knowing them to be stolen goods.' 'Not guilty as to the breaking and entering, and for larceny.'

"Upon the coming in of the verdict the defendants and each of them moved to set aside the verdict.

"Motion overruled by the presiding judge.

"The defendants in apt time excepted.

"The defendants moved the court for arrest of judgment and for the release of the defendants.

"Motion overruled. And defendants in apt time excepted.

"Upon the verdict the court rendered the following judgment: It is the judgment of the court that the male defendants, to wit: Charley Beal, Bose Fain, and Jimmie Hunt, be confined in the jail of Cherokee County for a period of two years and assigned to work on the public roads of any county with which the commissioners may make arrangements; and that the female defendants Hazel McMahan, Mary Best, and Lee Ellen Harbin, be confined in the jail of Cherokee County for a period of two years.

"Thereupon defendants and each of them appealed to the Supreme Court of North Carolina.

"Before said judgment was pronounced but after coming in of the verdict the defendants moved to set aside the verdict and for a new trial. Motion overruled, and defendants excepted. The defendants then moved in arrest of judgment and for their release and discharge from custody, motion overruled and defendants excepted. Notice of appeal was given in open court, and further notice waived; appeal bond in the sum of $1,000 fixed for each defendant.

"The cause was regularly docketed in the Supreme Court and there heard upon the exceptions set out in the record to the Supreme Court, as appears in the record of the case in the Supreme Court.

"From the certified opinion of the Supreme Court, this court finds as a fact that the defendants' assignment of error based on the exceptions therein was sustained and that the Supreme Court ordered a *venire de novo*.

"At the March Term, 1931, the solicitor sent a new bill in this case which bill was returned 'a true bill' by the grand jury, and this cause. on such new bill is the same cause that was tried at the March Term, 1930, in which verdict was rendered and judgment pronounced and from which defendants appealed to the Supreme Court and which was heard in the Supreme Court and a *venire de novo* ordered. When this cause came on for trial counsel for defendants moved the court to go to trial on the three counts in the bill of indictment found at the March Term, 1930, and not in the bill found at the March Term, 1931.

"Upon the foregoing admissions and findings of fact the court is of opinion, and holds, that the pleas of defendants of former acquittal on

the first and second counts in the bill of indictment of March Term, 1931, cannot be sustained, and declines to submit an issue to the jury on the former acquittal. To this ruling of the court the defendants and each of them excepted, and this constitutes defendants' Exception No. 1.

"To the failure of the court to hold, on the foregoing admissions, that the defendants had been tried, and acquitted, of the offenses of burglary and of larceny alleged in the bill of indictment, the defendants except and this constitutes defendants' Exception No. 2.

"The defendants moved the court that the trial proceed under the bill of indictment found at the March Term, 1930, and not under the indictment found at the March Term, 1931, and on the third count in said bill. Motion overruled and defendants except, and this is Exception No. 3.

"Whereupon the defendants were placed on trial under all three counts contained in the bill of indictment found at the March Term, 1931, and the defendants again excepted, and this is their Exception No. 4."

In the case at bar the jury returned as their verdict: "All five defendants guilty on the first and second counts."

Judgment was pronounced on the verdict and the defendants excepted and appealed.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Hill & Gray and Moody & Moody for defendants.*

ADAMS, J. At the March Term, 1930, of the Superior Court of Cherokee County the defendants were indicted for storebreaking, larceny, and receiving stolen goods knowing them to have been stolen. They were put on trial and the jury returned the following verdict: "All of the defendants guilty on the third count of having these goods in their possession, knowing them to have been stolen. Not guilty as to breaking and entering and for larceny." The defendants moved to set aside the verdict and to arrest the judgment. Their motions were overruled; they excepted; and from the judgment on the verdict they appealed. This Court awarded a *venire de novo* on the authority of *S. v. Barbee,* 197 N. C., 248, in which it was held that a finding by the jury that the defendants were guilty of having the property in their possession knowing it to have been stolen was not responsive to the indictment and was not sufficient to support a judgment. *S. v. Beal,* 200 N. C., 90.

At March Term, 1931, of the Superior Court the grand jury returned another bill against the defendants, which, according to the

finding of the trial court, states "the same cause that was tried at the March Term of 1930." When the present case was called in the Superior Court the defendants moved that the court proceed on the third count in the bill found at March Term, 1930, and that an issue of former acquittal be submitted on the first and second counts. Both motions were denied. Whether this ruling is correct depends upon the legal effect of the decision of this Court awarding a *venire de novo.*

We need not point out the technical distinction between a *venire de novo* and a new trial, for while they differ in material respects they agree in this, that both award a new trial. The contention that a new trial extends to the whole case is deduced from the principle that the defendant in a criminal action cannot claim protection under a verdict which at his instance is set aside, and that the granting of a new trial left nothing to support the verdict but placed the parties in the position they would have occupied had there been no trial. In the brief which they filed in *S. v. Beal, supra,* the defendants insisted that "they should have a new trial," and a new trial was granted them. At the second trial they claimed exemption from prosecution on the first and second counts on the ground that on these they had previously been acquitted.

The defendants cite a number of authorities from other states in support of their position, and it must be admitted that in other jurisdictions there is marked diversity of opinion on the question. But this Court is committed to the opposing view, and we cannot now accept the proposed doctrine without overruling our own decisions.

In *S. v. Stanton,* 23 N. C., 424, in an opinion written by *Ruffin, C. J.,* the Court established the principle that where a defendant who is acquitted upon one count in an indictment and convicted upon another appeals and a *venire de novo* is awarded there must be a retrial upon the whole case. There in the first count the indictment charged the defendant with forgery and in the second with uttering and publishing the paper knowing it to have been forged. The Court granted a new trial and said, "As this is done at the instance of the prisoner, the former verdict must be set aside entirely, and a *venire de novo* awarded to retry the whole case."

The decision was made in 1841 and on the point in question it has been cited with approval in *S. v. Grady,* 83 N. C., 643; *S. v. Craine,* 120 N. C., 601; *S. v. Freeman,* 122 N. C., 1012; *S. v. Gentry,* 125 N. C., 733; *S. v. Matthews,* 142 N. C., 621; and in the concurring opinion in *S. v. Davis,* 175 N. C., 723. The sentiment expressed by *Smith, C. J.,* in *S. v. Grady, supra,* may therefore be deemed pertinent: "In this State it has been ruled, *Chief Justice Ruffin* delivering the opinion of himself and his able associates, that when, at the instance of a convicted

STATE *v.* BEAL.

prisoner charged in several counts in an indictment, on some of which he is found not guilty, a new trial is awarded, the entire verdict is set aside and he is put on trial as before upon the entire bill. *S. v. Stanton,* 23 N. C., 424. We should be reluctant to disturb the doctrine laid down upon such high authority, and so long since acquiesced in, except upon the most cogent conviction of its error, notwithstanding the weight of modern authority to the contrary."

The foregoing cases are applicable if the two bills are identical; but while the transactions referred to are the same the second and third counts in the second bill are not identical with, but an enlargement upon, the corresponding counts in the first. The difference consists in the number, description, and value of the articles charged to have been stolen or feloniously received. If the bill returned in March, 1931, is in effect a new bill, the defendants were properly tried upon it pursuant to the practice approved in *S. v. Lee,* 114 N. C., 844 and other cases. So, whether the counts in the two bills are essentially different or practically identical, the first four exceptions must be overruled.

It is suggested by the appellants that some of the cases approving *S. v. Stanton, supra,* merely hold that in an indictment for murder a new trial on a verdict for manslaughter reopens the whole case on the principle that manslaughter is a lesser degree of the offense charged; but no decision of this Court has reversed or modified the doctrine laid down in the *Stanton case,* which deals with the exact question under consideration.

These are the principal exceptions. There are others relating to the admission of evidence but they are without merit. It was competent for the State to show where the defendants were and the circumstances under which they were arrested, the relation they sustained to one another and the articles that were found in their possession, not excluding "a small quantity of liquor." Testimony concerning the admission of Mary Best was restricted to the question of her guilt, and if it did not tend to implicate her it was certainly not prejudicial to her codefendants. His Honor was careful to instruct the jury with great clearness that the testimony as to her admission should not be considered as against the others. In the charge there is no prohibited expression of opinion and no reversible error with respect to the possession of the goods.

The motion for nonsuit was properly refused. Upon a careful inspection of the record we find

No error.