## STATE *v.* MARY BOLESLOWSKI.

(*November* 27, 1934.)

LAYTON, C. J., RICHARDS and REINHARDT, J. J., sitting.

*P. Warren Green,* Attorney-General, for the State.

*H. Albert Young* for the defendant.

Court of Oyer and Terminer for New Castle County, Indictment for Murder in the Second Degree, No. 70, November Term, 1934.

LAYTON, C. J., delivering the opinion of the Court:

The objection must be sustained. This sort of evidence is admissible only under some exception to the hearsay rule. It is not a dying declaration and the only possible ground for its admission is, that the statement of the deceased, suggesting that she had theretofore performed, or had attempted to perform, an operation upon herself, formed a part of the *res gestæ*. It is, however, a mere narrative of something that had occurred in the past. It does not form a circumstance which is the spontaneous incident of any transaction in issue which may be admissible when illustrative of such transaction. In *Hauk v. State,* an Indiana case, reported in 148 *Ind.* 238, 46 *N. E.* 127, 47 *N. E.* 465, a letter written by the victim eight days before the alleged acts of the defendant, tending to show that she had attempted to produce the miscarriage was held not admissible. In *Commonwealth v. Felch,* 132 *Mass.* 22, an offer by the defendant to prove that the victim told the witness that if the person, not the defendant, who was responsible for her pregnancy did not perform an operation to procure a miscarriage, or get some one to do so, she would do it herself, was rejected.

In *People v. Aiken,* 66 *Mich.* 460, 33 *N. W.* 821, 11 *Am. St. Rep.* 512, declaration made by the deceased girl of what the defendant had said or done a day or two before, was held purely hearsay. Other authorities are *Wharton Crim. Ev.* 474, *Jones Comm. on Ev.,* 1st *Ed., pp.* 639, 825, *et seq.*[1]

---

[1] As to the admissibility of statements showing purpose or intent see *State v. Long,* 2 *W. W. Harr.* (32 *Del.*) 380, 123 *A.* 350, and the unreported case of *State v. Asa Smith, Court of Oyer and Terminer for Sussex County, No.* 35, *June Term,* 1933. In the latter case (Harrington, Richards and Reinhardt, J. J., sitting) the defendant was indicted for the wilful murder of his wife. He denied the charge and claimed that she had committed suicide by shooting herself. In support of that contention he was permitted to show that his wife had made statements six or eight times within two years before her death tending to show that she intended to kill herself. The last statement of this character was made within one week before she died. The State, citing 1 *Mich. on Homicide* 810, § 169 (8c), contended that such statements, if made, did not accompany any acts which they might explain and were, therefore, purely hearsay evidence. The Court, in admitting the evidence offered, cited *State v. Long, supra;* see, also, 3 *Wigmore on Ev.,* §§ 1725 and 1726.