## STATE v. JOHN HORACE CORRELL.

(Filed 15 December, 1948.)

**1. Criminal Law § 22—**

When a defendant charged with murder is convicted of manslaughter and is granted a new trial on appeal, the new trial is upon the original indictment, and defendant's contention that upon the second trial he could not be prosecuted for murder in the second degree because the former conviction of manslaughter amounted to an acquittal on that charge, is untenable.

**2. Homicide § 27f—**

Where all the evidence tends to show that defendant, after the inception of difficulty, sought out his *feme* companion and attempted to use her as a shield in his gun fight with his victim, and there is no evidence that his adversary had any animosity towards his companion, the refusal of the court to give special instructions requested as to the right to kill in defense of another, is without error, since the principle is not presented by the evidence.

**3. Criminal Law § 50f—**

While wide latitude is allowed in the argument to the jury, counsel should not inject into the argument facts of his own knowledge or outside the record, and when counsel does so it is the right and duty of the judge to correct the transgression either at the time or in the charge to the jury.

**4. Criminal Law § 51—**

The conduct of the trial, including the argument of counsel, is largely within the control and discretion of the trial court, but the judge should be careful that nothing is said or done which would be calculated unduly to prejudice any party in the prosecution or defense of his case.

**5. Criminal Law § 50f—**

Defendant in a criminal prosecution should not be subjected to unwarranted abuse by the solicitor or private prosecution in the argument to the jury, and the characterization of defendant as a "small-time racketeering gangster" *is held* highly improper and objectionable.

**6. Same—**

Where the court sustains defendant's objection to improper remarks of counsel for the private prosecution in the argument to the jury, and immediately instructs the jury that they should not consider such remarks. the defendant will not be held prejudiced thereby.

APPEAL by defendant from *Moore, J.,* at June Term, 1948, of WILKES.

Criminal prosecution upon a bill of indictment charging defendant with murder of one Charles Baker.

Defendant was originally tried at the March Term, 1947, of Superior Court of Wilkes County, and convicted of manslaughter, and given a

sentence of from three to five years in the State Prison. He appealed to Supreme Court, and a new trial was awarded. See 228 N. C. 28, 44 S. E. (2) 334.

When the case came on for new trial the solicitor for the State announced in open court that the State would not place defendant on trial for murder in the first degree, but for murder in the second degree, or manslaughter, as the evidence may warrant. Thereupon defendant filed a plea in bar for that the State having elected in the first instance not to put him on trial for murder in the first degree, but for murder in the second degree, or manslaughter, as the facts might warrant, the verdict of guilty of manslaughter only is equivalent to a verdict of not guilty of murder in the second degree; and hence to put him on trial for murder in the second degree at the new trial ordered by the Supreme Court would constitute double jeopardy in violation of his constitutional rights. The trial judge, finding the facts to be as stated in the plea, but being of contrary conclusion of law, overruled the plea, and defendant excepts.

The evidence offered by the State on the retrial is in substantial accord with that introduced by the State on the first trial. And in view of decision reached on this appeal, a recital of the evidence is unnecessary. Defendant offered no evidence, and rested his case on the State's evidence.

Verdict: Guilty of murder in the second degree. Judgment: Imprisonment in Central Prison at Raleigh for a term of not less than seven nor more than ten years.

Defendant appeals therefrom to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Hayes & Hayes, W. H. McElwee, Jones & Bowers, and Fate J. Beal for defendant, appellant.*

WINBORNE, J. Careful consideration of all of the eighty-six assignments of error covering eighty-nine exceptions presented by defendant on this appeal, fails to reveal prejudicial error for which the judgment rendered on verdict returned in the trial below may be disturbed. However, it seems expedient to advert specifically to a few of them.

Four of the assignments of error relate to the action of the trial judge in overruling defendant's plea in bar based upon verdict of manslaughter on the first trial as hereinabove stated, and to portions of the charge admitting of a verdict of murder in the second degree on this trial. It appears, however, from former decisions of this Court that it is an accepted principle of law in this State that when on appeal by defendant from judgment on a verdict of guilty in a criminal prosecution a new trial is ordered, the case goes back to be tried on the bill of indictment as laid.

*S. v. Stanton,* 23 N. C. 424; *S. v. Grady,* 83 N. C. 643; *S. v. Bridgers,* 87 N. C. 562; *S. v. Craine,* 120 N. C. 601, 27 S. E. 72; *S. v. Groves,* 121 N. C. 563, 28 S. E. 262; *S. v. Freeman,* 122 N. C. 1012, 29 S. E. 94; *S. v. Gentry,* 125 N. C. 733, 34 S. E. 706; *S. v. Matthews,* 142 N. C. 621, 55 S. E. 342; *S. v. Beal,* 202 N. C. 266, 162 S. E. 561, 80 A. L. R. 1101.

In *S. v. Stanton, supra,* this Court, in opinion by *Ruffin, C. J.,* finding error in the judgment from which appeal was taken, stated that "as this is done at the instance of the prisoner, the former verdict must be set aside entirely, and a *venire de novo* awarded to try the whole case." This decision rendered in the year 1841 established principle which has been recognized and applied throughout the subsequent years. For full discussion of the subject see opinion by *Adams, J.* (1932) in *S. v. Beal, supra.*

Two other assignments of error relate to the failure of the court to give a special instruction requested by defendant pertaining to the right of a person to kill in defense of another. In the course of the charge to the jury the court adverted to the fact that defendant contended that he fired the fatal shot in defense of himself and of his companion, Miss Fields, but did not give the instruction as requested. Though defendant, as he says through his counsel, "leans very heavily" on these exceptions, and considers the matter to which they relate highly prejudicial to him, the evidence fails to present a situation for the application of the principle of the right of defendant to kill in defense of Miss Fields. The evidence is to the effect that after defendant had slapped Charles Baker behind the counter and Charles Baker had gotten his pistol from the cash register, behind the counter, defendant, followed by Baker, walked out on the dance floor and got Miss Fields between him and Baker, and put his left hand on her left shoulder and drew his gun and fired over her right shoulder. And there is no evidence that Baker showed any disposition to harm Miss Fields. All the evidence is that his attention was directed to defendant, with whom he was having the difficulty.

Three other assignments of error are directed to rulings of the court in respect to objections to argument of counsel for the private prosecution: (1) The record shows that in the course of argument of one member of the private prosecution, he, pointing his finger at defendant, stated, "I argue to you the defendant is a married man. I don't know whether that is his wife over beside him or not"; that objection by defendant was sustained, and he excepted; that the court cautioned counsel to refrain from this line of argument and instructed the jury not to consider it; and that upon counsel persisting in this line of argument, to which defendant again objected, the court again instructed counsel not to pursue such argument, whereupon, counsel stopped it. Defendant excepted. (2) The record also shows that another member of the private prosecution, pointing his

finger at defendant, stated: "Gentlemen, you are dealing with a small-time racketeering gangster," to which argument defendant objected; and that objection was sustained and defendant excepted.

In this connection, while wide latitude is given to the counsel in making their arguments to the jury, *S. v. O'Neal,* 29 N. C. 252; *McLamb v. R. R.,* 122 N. C. 862, 29 S. E. 896, counsel may not "travel outside of the record" and inject into his argument facts of his own knowledge or other facts not included in the evidence. McIntosh N. C. P. & P., p. 621; *Perry v. R. R.,* 128 N. C. 471, 39 S. E. 27; *S. v. Howley,* 220 N. C. 113, 16 S. E. (2) 705. And when counsel does so, it is the right and duty of the presiding judge to correct the transgression,—and he may do so at the moment or wait until he comes to charge the jury. *S. v. O'Neal, supra; Melvin v. Easley,* 46 N. C. 386; *McLamb v. R. R., supra; Perry v. R. R., supra.*

In the *McLamb case* it is stated that "Where remarks are improper in themselves, or are not warranted by the evidence, and are calculated to mislead or prejudice the jury, it is the duty of the court to interfere."

On the other hand, the conduct of a trial in the court below, including the argument of counsel, must be left largely to the control and discretion of the presiding judge. Nevertheless, as stated by *Walker, J.,* in *S. v. Tyson,* 133 N. C. 692, 45 S. E. 838, the judge should be careful that nothing be said or done which would be calculated unduly to prejudice any party in the prosecution or defense of his case. *S. v. Howley, supra.*

Applying these principles to the present case, the court very properly sustained objection to the remarks of counsel, to which reference is first made hereinabove,—and while the persistence of counsel might have justified reprimand, it would seem that the jurors could not have misunderstood that the remarks should be erased from their minds. Indeed, if the court had not properly cautioned the jury in this instance, the defendant could hardly complain since the testimony of several of his witnesses on former trial as shown in the record of former appeal is to the effect that defendant is a married man.

Likewise the court very properly sustained objection to the remarks of counsel characterizing defendant as "a small-time racketeering gangster." Webster defines racketeer as "One who singly or in combination with others extorts money or advantages by threats of violence or of unlawful interference with business," and a gangster as "A member of a gang of roughs, hireling criminals, thieves, or the like." Characterization is not argument. *S. v. Tucker,* 190 N. C. 708, 130 S. E. 720. There is nothing in the record to justify such abuse of defendant personally, and of fair debate, and it was highly objectionable. A severe reprimand by the court would have been justified. Defendants in criminal prosecution should be convicted upon the evidence in the case, and not upon prejudice

created by abuse administered by counsel for private prosecution privileged to speak for the State. But by sustaining the objection made by defendant, the judge indicated to the jurors that the remark had no place in the trial. This is all the defendant asked him to do. Hence, though the record does not show that the judge made further effort to correct the transgression, we are unable to hold as a matter of law that defendant has been prejudiced by the improper remarks.

Moreover, when the charge of the court, to which numerous other exceptions are taken, is considered contextually and as a whole, it would seem that prejudicial error is not made to appear.

No error.