## STATE v. OTIS CHASE.

(Filed 22 March, 1950.)

**1. Robbery § 3—**

An instruction to the effect that defendant might be convicted of common law robbery even though the taking was without felonious intent, must be held for prejudicial error.

**2. Criminal Law § 81c (1)—**

Error committed by the court in submitting the question of defendant's guilt of a lesser degree of the offense charged cannot be prejudicial to defendant. G.S. 15-170.

**3. Robbery § 1b—**

G.S. 14-87 does not divide robbery into separate offenses but merely provides a more severe punishment if the offense of common law robbery is committed or attempted with the use or threatened use of firearms or other dangerous weapons.

**4. Criminal Law § 77d—**

The Supreme Court is bound by the record as certified.

**5. Criminal Law § 22—**

Where a new trial is awarded upon defendant's appeal from conviction of a lesser degree of the crime charged, the new trial will be upon the original bill of indictment charging the graver offense.

APPEAL by defendant from *Bennett, Special Judge,* at January Term 1950, of McDowELL.

The defendant was tried on separate bills of indictment charging him with robbery with firearms and with kidnapping one Grover Williams.

The State's evidence tends to show that the defendant and an unidentified accomplice called Grover Williams from his home in Marion, North Carolina, around 9:00 o'clock at night, on 19 December, 1949, and forced him into an automobile; that after driving a distance of some 12 miles, the defendant stopped the car, put a gun in Williams' face and ordered him not to move; and directed his companion to get everything Williams had; that the defendant's accomplice took over $800.00 from the person of the prosecuting witness and then ordered him to get out of the car and start walking and not to look back.

The jury returned a verdict as follows:

"Not guilty of kidnapping.

"Not guilty of armed robbery.

"Guilty of common law robbery."

From the judgment entered on the verdict, the defendant appeals and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Proctor & Dameron for defendant.*

DENNY, J. The defendant assigns as error the following portion of his Honor's charge: "If the State of North Carolina has satisfied you beyond a reasonable doubt that the defendant, Otis Chase, unlawfully and by means of force and placing in fear the person of the witness Williams, without consent, and against his will and wilfully carried away without felonious intent to deprive the true owner of said money and to appropriate any part of it to his own use, the Court instructs you to return a verdict of Guilty of Common Law Robbery."

There is error in this portion of the charge, in that the jury is instructed that it may return a verdict of guilty of common law robbery, even though it finds the taking was without felonious intent. *S. v. Lunsford,* 229 N.C. 229, 49 S.E. 2d 410.

The defendant objects and excepts, not only to this portion of the charge, but to other parts as well, wherein the jury was instructed it might return a verdict of guilty of common law robbery on the ground that all the evidence clearly indicated that if the defendant was guilty of any robbery he was guilty of robbery with firearms.

We concede that upon the evidence adduced in the trial below it would have been proper to have limited the jury to one of two verdicts: Guilty

of robbery with firearms or not guilty. *S. v. Bell,* 228 N.C. 659, 46 S.E. 2d 834; *S. v. Sawyer,* 224 N.C. 61, 29 S.E. 2d 34; *S. v. Manning,* 221 N.C. 70, 18 S.E. 2d 821; *S. v. Cox,* 201 N.C. 357, 160 S.E. 358. But his Honor elected to instruct the jury that if the State had failed to satisfy it beyond a reasonable doubt that the defendant was guilty of "armed robbery," it might return a verdict of guilty of common law robbery. Conceding this to be error, we have consistently held that such error is not harmful to the defendant. *Brown, J.,* in speaking for the Court in *S. v. Quick,* 150 N.C. 820, 64 S.E. 163, said: "Suppose the court erroneously submitted to the jury a view of the case not supported by evidence, whereby the jury were permitted, if they saw fit, to convict of manslaughter instead of murder, what right has the defendant to complain? It is an error prejudicial to the State, and not to him." To like effect is *S. v. Matthews,* 142 N.C. 621, 55 S.E. 342. "An error on the side of mercy is not reversible," *S. v. Fowler,* 151 N.C. 731, 66 S.E. 567. *S. v. Rowe,* 155 N.C. 436, 71 S.E. 332; *S. v. Casey,* 159 N.C. 474, 74 S.E. 625; *S. v. Blackwell,* 162 N.C. 672, 79 S.E. 310.

Moreover, robbery is not divided into separate offenses by the statute. G.S. 14-87. As *Barnhill, J.,* said in *S. v. Jones,* 227 N.C. 402, 42 S.E. 2d 465: "The primary purpose and intent of the Legislature in enacting Chap. 187, P.L. 1929, now G.S. 14-87, was to provide for more severe punishment for the commission of robbery when such offense is committed or attempted with the use or threatened use of firearms or other dangerous weapons. It does not add to or subtract from the common law offense of robbery except to provide that when firearms or other dangerous weapons are used in the commission or attempted commission of the offense sentence shall be imposed as therein directed. *S. v. Keller,* 214 N.C. 447, 199 S.E. 620."

If the instruction on common law robbery to which defendant excepts were correct, we would not disturb the verdict below, G.S. 15-170. However, since such instruction was not in substantial compliance with the requirements of the law, the defendant is entitled to a new trial.

It is quite possible the charge as certified may not be correct. Even so, we have checked the part set out herein, to which the defendant excepts, with the certified transcript from the court below, and it is in accord therewith; and this Court is bound by the record as certified. *S. v. Cockrell,* 230 N.C. 110, 52 S.E. 2d 7; *Mason v. Commissioners of Moore,* 229 N.C. 626, 51 S.E. 2d 6; *S. v. Robinson,* 229 N.C. 647, 50 S.E. 2d 740.

The new trial will be on the bill of indictment charging the defendant with robbery with firearms, as laid. The verdicts rendered by the jury in the trial below, on the bill charging the defendant with robbery with firearms, were bottomed on the same, not separate, counts. *S. v. Hampton,*

210 N.C. 283, 186 S.E. 251. Therefore, the verdicts rendered on this bill will be disregarded and the trial will be de novo. S. v. Correll, 229 N.C. 640, 50 S.E. 2d 717, in which opinion Winborne, J., cited our numerous cases in support of this view. See also Trono v. United States, 199 U.S. 521, 50 L. Ed. 292.

For the reasons stated, there must be a

New trial.