STATE OF NORTH CAROLINA v. J. C. CASTOR

No. 7519SC568

(Filed 7 January 1976)

1. **Homicide § 12; Indictment and Warrant §§ 7, 14— indictment for first degree murder — retrial for second degree murder — motion to quash**
   Where defendant was indicted for first degree murder and was awarded a new trial upon an appeal from his conviction of the lesser offense of second degree murder, defendant was properly retried for second degree murder upon the original indictment, and the trial court properly denied defendant's motion to quash the original indictment made on the ground defendant had been acquitted of the crime charged in that indictment, *i.e.*, first degree murder.

2. **Homicide § 26— trial for second degree murder — reading first degree murder indictment to jury**
   A defendant on trial for second degree murder was not prejudiced when the indictment charging first degree murder was read to the

State v. Castor

jury, especialy since the indictment did not contain allegations of "premeditation and deliberation."

3. **Homicide § 14— presumptions of malice and unlawfulness — validity**
    The decision of *Mullaney v. Wilbur*, 421 U.S. 684 (1975), does not prohibit the presumptions of malice and unlawfulness created when the State proves beyond a reasonable doubt that the accused intentionally inflicted a wound with a deadly weapon proximately causing death.

APPEAL by defendant from *Rousseau, Judge*. Judgment entered 5 February 1975 in Superior Court, CABARRUS County. Heard in the Court of Appeals 21 October 1975.

The bill of indictment against defendant charges as follows:

"THE JURORS FOR THE STATE UPON THEIR OATH DO PRESENT, That J. C. Castor, late of the County of Cabarrus, on the 24th day of June, 1971, with force and arms, at and in the said County, feloniously, willfully, and of his malice aforethought, did kill and murder Pearl Walker contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

Defendant was placed on trial for first-degree murder at the 15 November 1971 Session of Cabarrus Superior Court. He pled not guilty, a jury found him guilty of second-degree murder, and from judgment imposing prison sentence of 30 years, he appealed to the Court of Appeals. He later withdrew his appeal but thereafter petitioned for a writ of certiorari which was allowed.

In an opinion filed 6 February 1974 and reported in 20 N.C. App. 565, 202 S.E. 2d 281, this court found no error in the trial sufficiently prejudicial to warrant a new trial. Defendant appealed under G.S. 7A-30(1) to the State Supreme Court and, in an opinion reported in 285 N.C. 286, 204 S.E. 2d 848 (1974), that court, with Justice Huskins dissenting, ordered a new trial.

At the second trial, substantially the same evidence presented at the first trial was presented again. Summaries of the evidence are set forth in the opinions above referred to and no worthwhile purpose would be served in restating the evidence here. At the second trial, defendant was tried for second-degree murder and the jury was instructed to return a verdict of guilty of that offense or not guilty.

The jury found defendant guilty of second-degree murder and from judgment imposing prison sentence of 30 years, less 1325 days spent in custody pending trial, he appealed.

*Attorney General Edmisten, by Associate Attorney Richard F. Kane, for the State.*

*Smith, Carrington, Patterson, Follin & Curtis, by J. David James, for defendant appellant.*

BRITT, Judge.

[1]  First, defendant assigns as error the failure of the trial court to quash the indictment on which defendant was tried "since the defendant appellant had previously been acquitted of the crime charged in that indictment, *i.e.,* murder in the first degree." The assignment has no merit.

Defendant concedes that the Supreme Court of North Carolina has held in many cases that when a new trial is awarded upon a defendant's appeal from a conviction of a lesser degree of the crime charged, the new trial will be upon the original indictment charging the greater offense and refers to *State v. Chase,* 231 N.C. 589, 58 S.E. 2d 364 (1950), and *State v. Correll,* 229 N.C. 640, 50 S.E. 2d 717 (1948). He contends, however, that the rule stated in those cases was changed by *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed. 2d 199 (1957).

We do not agree with defendant's contention as to the holding in *Green.* In that case, defendant was charged in a two-count indictment with arson and murder and the second count was submitted on first and second-degree murder. The jury returned a verdict finding defendant guilty of arson and second-degree murder. The Federal Court of Appeals awarded defendant a new trial on the murder charge. At the retrial, over his objection, defendant was again tried for first-degree murder, was convicted of that charge, and sentenced to death. The Federal Court of Appeals affirmed the conviction but the U. S. Supreme Court reversed, holding that by implication defendant was acquitted of first-degree murder at the first trial and was placed in jeopardy a second time on that charge at the second trial.

The holding in *Green* has been the law in this jurisdiction for many years. *See State v. Wright,* 275 N.C. 242, 166 S.E.

State v. Castor

2d 681, *cert. denied,* 396 U.S. 934, 24 L.Ed. 2d 232, 90 S.Ct. 275 (1969) ; *State v. Pearce,* 266 N.C. 234, 145 S.E. 2d 918 (1966), and cases therein cited. In the instant case, while defendant was acquitted of first-degree murder at his first trial, he was found guilty of second-degree murder and that is what he was tried for at his second trial. We hold that he was properly tried on the original bill of indictment.

[2]   Defendant assigns as error the failure of the trial court to grant his motion for a mistrial for the reason that the bill of indictment charging first-degree murder was read in the presence of the jury. We find no merit in this assignment.

G.S. 15-144 sets forth the essentials for bills of indictment charging homicide and makes no distinction between an indictment charging murder in the first degree from one charging murder in the second degree. The indictment in this case closely follows the statute and we perceive no way defendant could have been prejudiced by its being read in the presence of the jury. It is true that in some instances bills of indictment charging murder will contain the words "premeditation and deliberation," the elements that distinguish murder in the first degree from murder in the second degree, but that was not done in this case. The assignment of error is overruled.

[3]   Defendant assigns as error the court's instructions to the jury to the effect that if the State proved beyond a reasonable doubt that defendant intentionally inflicted a wound upon the victim with a deadly weapon that proximately caused her death, the law raises two presumptions: first, that the killing was unlawful, and second, it was done with malice; then, nothing else appearing, defendant would be guilty of second-degree murder. Defendant argues that while the instructions were previously consistent with well settled case law in this State, 4 Strong, N. C. Index 2d, Homicide § 14, they were invalidated by *Mullaney v. Wilbur,* 421 U.S. 684, 44 L.Ed. 2d 508, 95 S.Ct. 1881 (1975).

The assignment has no merit. Our State Supreme Court in *State v. Williams,* 288 N.C. 680, 220 S.E. 2d 558, (1975), held that *Mullaney* does not apply to the presumption of malice created when the State proves beyond a reasonable doubt that the accused intentionally inflicted a wound with a deadly weapon proximately causing death. *See also, State v. Hankerson,* 288 N.C. 632, 220 S.E. 2d 575, (1975), holding

that *Mullaney* will not be given retroactive effect in North Carolina and will apply only to trials conducted on or after 9 June 1975.

We have carefully considered the other assignments of error brought forward and argued in defendant's brief and find them likewise to be without merit.

We hold that defendant received a fair trial, free from prejudicial error.

No error.

Judges VAUGHN and ARNOLD concur.