*388
 
 Battle, J.
 

 We have no hesitation in saying that tbe defendant is entitled to a
 
 venire de novo,
 
 because of two errors committed, to his prejudice, by the Court. The book on the diseases of horses, extracts from which were given in charge to the jury, was not admissible in evidence, and yet the Court gave it all the effect of such. The rule is, that professional books, or books of science, (e. g. medical books,) are not admissible in evidence, though experts may be asked their judgment, and the grounds of it, which may in some degree be founded on books, as a part of their general knowledge. Collier v. Simpson, 5 Carr, and Payne 73, (24 Eng. C. L. Rep. 219,) Cow. and Hill’s notes to Phill. on Ev., pai’t 1, page 761. The reason of the rule is obvious, that if the authors were present, they could not be examined without being sworn and exposed to a cross-examination. Their declarations or statements, whether merely verbal, written or printed and published in books, are not admissible. But it is said that no objection was made when the plaintiff’s counsel referred to and made statements from the book which he held in his hand, but did not read. It was not the duty of the opposite counsel to interrupt the argument of the plaintiff’s counsel, by stopping him to make his objection then, because the presiding Judge was not bound to notice the error at that time. This Court said, in the case of the State v. O’Neal, 7 Ired. Rep. 251, that “ it is the right and the duty of the presiding Judge, if counsel state facts as proved, upon which no evidence has been given, to correct the mistake, and he may do it at the moment, or wait until he charges the jury, perhaps the most appropriate time.” Here the Judge did not correct the mistake at the time, nor when he came to charge the jury. On the contrary, he in effect decided that the book was admissible in evidence, and charged the jury upon it as evidence. In doing this he erred, and then he committed another error, in saying that, “ as it was an American edition of an English book, that treated of the diseases of horses, he supposed it might be entitled to as much authority in the science as the witness.”
 
 *389
 
 That was a clear violation of the act of 1796, (1 EeV. Stat. ch. 31, sec. 136.) It is the duty of the presiding Judge to decide all questions arising upon the competency of testimony, but he is not at liberty to express any opinion as to its credibility or weight. See State v. Cardwell, Bus. Rep. 245, and the cases therein cited.
 

 The judgment must be reversed, and a
 
 venire de novo
 
 awarded.