STATE v. CLYDE LITTLE.

(Filed 19 December, 1947.)

**1. Homicide § 25—**

Evidence *held* sufficient to sustain verdict of guilty of murder in the first degree.

**2. Criminal Law § 50f: Trial § 7—**

Wide latitude is given counsel in the exercise of the right to argue to the jury the whole case, as well of law as of fact, but counsel is not entitled to travel outside of the record and argue facts not included in the evidence, and when counsel attempts to do so it is the right and duty of the court to correct the argument, either at the time or in the charge to the jury. G. S., 84-14.

**3. Same—**

Argument of the solicitor in the trial of a capital case that in the event of conviction there would be an appeal and in the event the decision of the lower court were affirmed, there would be an appeal to the Governor, and that not more than 60% of prisoners convicted of capital offenses were ever executed, *is held* improper and prejudicial and not justified by argument of counsel for defendant to the effect that only errors of law could be corrected by appeal and that only the Governor could correct errors of judgment on the part of the jury.

**4. Same—**

Where grave impropriety in the argument of the solicitor is brought to the trial court's attention it is the duty of the trial court to make correction regardless of the attitude of counsel for defendant, and the fact that upon the court's offer to make partial correction if counsel for defendant should so request, counsel for defendant remains silent, is not a waiver.

**5. Same—**

While ordinarily exceptions to improper argument of the solicitor should be taken before verdict, the rule *is held* inapplicable under the facts in this case where gross impropriety in the solicitor's argument was called to the court's attention and the court offered to make only partial correction if requested by counsel.

DEVIN, J., dissents.

APPEAL by defendant from *Parker, J.,* at February Criminal Term, 1947, of DURHAM.

Criminal prosecution upon bill of indictment charging that defendant with force and arms, at and in Durham County, "feloniously, willfully, and of malice aforethought, did kill and murder Minnie Little, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.

On the trial below the State offered evidence tending to support the charge with which defendant stands indicted. On the other hand, defendant offered evidence tending to support his plea of not guilty by reason of his plea that he acted in self-defense. And the case was submitted to the jury with instruction that the jury might, as it found the facts to be from the evidence under the charge of the court, return one of four verdicts—guilty of murder in the first degree, guilty of murder in the second degree, guilty of manslaughter, or not guilty.

Verdict: Guilty of murder in the first degree as charged in the bill of indictment.

Judgment: Death by the administration of lethal gas as provided by law.

Defendant appeals therefrom to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Fuller, Reade & Fuller for defendant, appellant.*

WINBORNE, J. Among the several assignments of error presented by appellant on this appeal, we deem it necessary to treat only two of them.

The first relates to denial of the motions of defendant for judgment as in case of nonsuit, G. S., 15-173. As to this, without reciting the details leading up to and surrounding the homicide with which defendant is charged, it is sufficient to say that the evidence offered against defendant on the trial in Superior Court, as shown in the record on this appeal, taken in the light most favorable to the State, is sufficient to support a verdict of guilty of murder in the first degree.

The other relates to the action of the presiding judge in denying motion of defendant for a new trial because of prejudicial statements made by the solicitor for the State during the course of his argument to the jury.

The record discloses that, in making this motion, counsel for defendant, in pertinent part, stated to the court: "That during the argument of the solicitor, he stated to the jury that in all first degree cases where men were convicted there would be an appeal to the Supreme Court, and that in this case, if this defendant were convicted there would be an appeal to the Supreme Court, and that in the event the decision of the lower court should be affirmed, there would be an appeal to the Governor to commute the sentence of the prisoner; and that not more than sixty per cent of prisoners convicted of capital offenses were ever executed."

And the record further shows that, in response to suggestion by the court that counsel for defendant had opened the door, Mr. Reade, of counsel for defendant, stated that he said in arguing the case to the jury,

"that if your Honor should inadvertently commit error in the trial of the case, the prisoner might appeal to the Supreme Court, and that if the Court found that you had committed error, the Supreme Court would award a new trial only for errors of law committed in the trial of the case; and further said that the Supreme Court could not and would not undertake to correct errors of judgment on the part of jurors, and that if your Honor had not committed error in the trial of the case, the Supreme Court would leave the defendant as they found him, so far as the verdict of the jury was concerned. I further stated that, having appealed to the highest court in the State, in the event the conviction was affirmed the only appeal the prisoner would then have would be to the Governor, who alone might undertake to correct errors of judgment on the part of the jury, if it was made to appear to him that an injustice had resulted."

Then the record shows that the court interposed the following: "I knew that you said Governor—I was under the impression that you said the Governor or the Parole Officer." And, then, Mr. Reade continued, "I would not say that I did not, but what I was undertaking to do was impress, as forcefully as possible, upon the jury, that they were the sole judges of the facts, and that the court would not undertake to correct errors of judgment as to what the facts were found to be by the jury."

And the record further shows the following ruling of the court on the said motion of defendant: "The Judge was on the bench when Mr. Reade made his argument to the jury and the Court finds as a fact that he made the argument substantially as set forth in his statement to the Court on this motion in respect to that point in his speech to the jury. After Mr. Reade made his speech, the Judge stepped into the library off the court room, which has a door opening into the Bar and is not over twenty feet from the bench. The Court was there consulting the North Carolina Reports when Mr. Reade and Mr. Fuller came to the Judge and told him the argument that the Solicitor was making, as set forth substantially in Mr. Reade's statement above. The Court stated to Mr. Reade and Mr. Fuller that if they so requested, he would go back to the bench, stop the Solicitor's argument and instruct the jury to disregard his argument that in sixty per cent of the capital cases the sentence was commuted and the man did not suffer death when convicted of a capital offense but that the rest of the Solicitor's argument the Court deemed to be proper in reply to the argument that Mr. Reade had made; whereupon Mr. Reade and Mr. Fuller stated that they did not desire the Court to go back and stop the Solicitor's argument. The Court, after looking at some of the North Carolina Reports, returned to the court room and his seat upon the bench. After the Solicitor had completed his speech, he having followed Mr. Reade, the Judge before beginning his charge, waited two or three minutes, counsel for the defendant said nothing. Then the Judge called Mr. Reade to the bench and asked him did he

wish him to instruct the jury to disregard as improper the statement of the Solicitor that in sixty per cent of the capital convictions which were returned sentence was commuted to imprisonment, and Mr. Reade replied that he did not. The Court, in the library, asked Mr. Reade if he did not think he had opened the door by his argument. The Court finds the facts to be as set forth above. Motion denied. Defendant excepted."

Under the law the right of a person, put on trial upon a criminal charge, to be heard, and to have counsel in all matters necessary to his defense, and the right of counsel to argue to the jury the whole case, as well of law as of fact, is declared by this Court to be too fundamental for discussion. G. S., 84-14, formerly C. S., 203. S. v. Hardy, 189 N. C., 799, 128 S. E., 152. Wide latitude is given to the counsel in making their arguments to the jury. S. v. O'Neal, 29 N. C., 252; McLamb v. R. R., 122 N. C., 862, 29 S. E., 894. However, counsel may not "travel outside of the record" and inject into his argument facts of his own knowledge or other facts not included in the evidence. McIntosh, N. C. P. & P., p. 621. Perry v. R. R., 128 N. C., 471, 39 S. E., 27; S. v. Howley, 220 N. C., 113, 16 S. E. (2d), 705. When counsel does so, it is the right and duty of the presiding judge to correct the transgression,—and he may do so at the moment or wait until he comes to charge the jury. S. v. O'Neal, supra; Melvin v. Easley, 46 N. C., 386; McLamb v. R. R., supra; Perry v. R. R., supra.

In the McLamb case the Court states that "where the remarks are improper in themselves, or are not warranted by the evidence, and are calculated to mislead or prejudice the jury, it is the duty of the court to interfere."

On the other hand, while the conduct of a trial in the court below, including the argument of counsel, must be left largely to the control and discretion of the presiding judge, he, to be sure, as stated by Walker, J., in S. v. Tyson, 133 N. C., 692, 45 S. E., 838, should be careful that nothing be said or done which would be calculated unduly to prejudice any party in the prosecution or defense of his case. S. v. Howley, supra.

Applying these principles to the present case, it is manifest that the statements of facts that if the defendant be convicted there would be an appeal to the Supreme Court, and that in the event the decision of the lower court should be affirmed there would be an appeal to the Governor to commute the sentence of the prisoner, and that not more than sixty per cent of prisoners convicted of capital offenses were ever executed, are matters not included in the evidence. Nor are they justified as being in answer to argument of counsel for defendant. They are calculated to unduly prejudice the defendant in the defense of the charge against him. "Who can say," as counsel for defendant ask, "to what extent the jury was influenced by the solicitor's statement that the prisoner, in the event

STATE v. LITTLE.

his appeal did not obtain a new trial, that he still had a forty per cent chance to have his sentence commuted?" We hold the remarks to be error,—and such error as called for correction by the presiding judge, *S. v. Tucker,* 190 N. C., 708, 130 S. E., 720, and cases cited. *S. v. Buchanan,* 216 N. C., 709, 6 S. E. (2d), 521; *S. v. Helms,* 218 N. C., 592, 12 S. E. (2d), 243. See also *Conn v. R. R.,* 201 N. C., 157, 159 S. E., 331.

In the *Tucker case* it is stated that "Where counsel oversteps the bounds of legitimate argument, or abuses the privilege of fair debate, and objection is interposed at the time, it must be left, as a general rule, to the sound discretion of the presiding judge as to when he will interfere and correct the abuse, but he must correct it at some time during the trial, and if the impropriety be gross, it is the duty of the judge to interfere at once."

The State contends, however, that counsel for defendant, having been given an opportunity to have the court correct the improper remarks of the solicitor, waived objection thereto. As to this, the ruling of the Judge, as shown in the record, was that, if counsel so requested, he would make only a partial correction. The matter as a whole was called to his attention, and it would seem that the gravity of the error called for a correction of the improper remarks at some time during the trial regardless of the attitude of counsel for defendant as to whether the Judge should or should not instruct the jury. Indeed, it may be doubted that the harmful effect of the improper remarks could have been removed from the minds of the jury even by full instruction.

The State also contends that exception to improper argument of solicitor not taken before verdict is not seasonable. Under some circumstances this rule is correct. But under the facts here, it is inapplicable. The cases relied upon by the State are distinguishable.

For error pointed out, defendant is entitled to a
New trial.

DEVIN, J., dissents.