STATE v. HILBERT BOWEN AND JAMES McKEEL.

(Filed 12 October, 1949.)

**1. Criminal Law § 50f—**

Counsel must be allowed wide latitude in the argument of hotly contested cases, and the Supreme Court will not review the sound discretion of the trial judge in controlling the argument unless the impropriety of counsel is gross and calculated to prejudice the jury.

**2. Same—**

In this prosecution for larceny and receiving, the solicitor characterized defendants as "these two thieves," and the trial court refused to instruct the jury to disregard the solicitor's remark. *Held:* While characterization is not argument and the remarks were improper, they did not constitute comment on the personal appearance of defendants but a conclusion drawn from the evidence, and are of insufficient prejudicial effect to warrant the granting of a new trial on appeal from conviction of receiving.

APPEAL by defendants from *Bone, J.,* at April Term, 1949, of NORTH-AMPTON.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*
*Cameron S. Weeks for defendants.*

DENNY, J. The defendants were tried under a bill of indictment charging larceny and receiving. The jury returned a verdict of guilty of receiving stolen goods, knowing them to have been stolen, as charged

in the second count of the bill of indictment. From this verdict and the judgment imposed pursuant thereto, the defendants appeal and assign error.

It is stated in the record that in the course of the Solicitor's argument to the jury, he referred to the defendants, Hilbert Bowen and James McKeel, as "these two thieves," to which remark counsel for the defendants interrupted the Solicitor's argument and objected to the reference to the defendants as "these two thieves." Whereupon the Solicitor reiterated his remarks, stating: "That's exactly what I called them, two thieves." The objection to the reference to the defendants as thieves and the instruction requested, namely, that the jury disregard such references were overruled. This ruling is assigned as error.

Counsel must be allowed wide latitude in the argument of hotly contested cases. But what is an abuse of this privilege must ordinarily be left to the sound discretion of the trial judge, and we "will not review his discretion, unless the impropriety of counsel was gross and well calculated to prejudice the jury," *S. v. Baker,* 69 N.C. 147. *S. v. Bryan,* 89 N.C. 531; *Goodman v. Sapp,* 102 N.C. 477, 9 S.E. 483; *S. v. Tyson,* 133 N.C. 692, 45 S.E. 838; *Caton v. Toler,* 160 N.C. 104, 75 S.E. 929; *Cuthrell v. Greene,* 229 N.C. 475, 50 S.E. 2d 525. Counsel should not go beyond the testimony in a case or characterize a defendant in a manner calculated to prejudice the jury against him. *McLamb v. Railroad Company,* 122 N.C. 862, 29 S.E. 896. *Perry v. R. R.,* 128 N.C. 471, 39 S.E. 27; *Hopkins v. Hopkins,* 132 N.C. 25, 43 S.E. 506; *S. v. Howley,* 220 N.C. 113, 16 S.E. 2d 705; *S. v. Little,* 228 N.C. 417, 45 S.E. 2d 542; *S. v. Hawley,* 229 N.C. 167, 48 S.E. 2d 35; *S. v. Correll,* 229 N.C. 640, 50 S.E. 2d 717.

While we do not approve the language used by the Solicitor in the instant case, we do not think its use, in the light of the facts disclosed by the record, constitutes such prejudicial error as to justify a new trial. It is true that characterization is not argument, and a prosecuting attorney should not be permitted to characterize an accused or his conduct by terms of opprobrium which are not supported by the evidence. 23 C.J.S. 582. Evidently the Solicitor felt that the State had introduced sufficient evidence to show beyond a reasonable doubt that the defendants were guilty of larceny. Even so, his argument might well have been couched in less objectionable and more dignified language, which, no doubt, would have been equally as effective.

In the case of *S. v. Correll, supra,* where the defendant was on trial for murder, a private prosecutor characterized the defendant as "a small-time racketeering gangster." *Winborne, J.,* in speaking for the Court, said: "The court very properly sustained objection to the remarks of counsel characterizing defendant as 'a small-time racketeering gangster.'

Webster defines racketeer as 'One who singly or in combination with others extorts money or advantages by threats of violence or of unlawful interference with business,' and a gangster as 'A member of a gang of roughs, hireling criminals, thieves, or the like.' Characterization is not argument. *S. v. Tucker,* 190 N.C. 708, 130 S.E. 720. There is nothing in the record to justify such abuse of defendant personally, . . . and it was highly objectionable. A severe reprimand by the court would have been justified. Defendants in criminal prosecution should be convicted upon the evidence in the case, and not upon prejudice created by abuse administered by counsel for private prosecution privileged to speak for the State. But by sustaining the objection made by defendant, the judge indicated to the jurors that the remark had no place in the trial."

Likewise, the characterization of the defendant as a "human hyena" was disapproved in *S. v. Ballard,* 191 N.C. 122, 131 S.E. 370; and in *S. v. Murdock,* 183 N.C. 780, 111 S.E. 610, where the defendant was being tried for the illegal manufacture of liquor and had not testified in his own behalf, this Court held remarks made by the Solicitor were improper, which remarks were as follows: "I do not know when I have seen a more typical blockader. Look at him, his red nose, his red face, his red hair and moustach. They are sure signs. He has the ear-marks of a blockader." However, in the above cited cases, the improper remarks, though disapproved, were held harmless, since the trial judge in each case sustained the objection to the improper argument.

A new trial was granted in the case of *S. v. Tucker,* 190 N.C. 708, 130 S.E. 720, where counsel assisting the Solicitor in the prosecution of defendants for violation of the prohibition laws, said in his argument to the jury: "Gentlemen of the jury, look at the defendants, they look like professed (professional) bootleggers, their looks are enough to convict them." The defendants had not gone upon the witness stand and an objection was interposed to the improper argument in apt time, but the trial judge overruled the objection. The prejudicial error was in permitting the jury, over objection, to consider the comment of counsel upon the personal appearance of the defendants.

These defendants did testify in their own behalf. However, the remarks of the Solicitor to which they object, did not constitute comment on their personal appearance, but a conclusion drawn from the evidence introduced for the consideration of the jury.

No prejudicial error has been shown.