STATE v. CHARLES BRANTLEY ROSE.

(Filed 24 May, 1967.)

**1. Criminal Law § 159—**

Exceptions not brought forward in the brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Rape § 18—**

Evidence in this case held amply sufficient to support the jury's verdict of guilty of assault with intent to commit rape.

STATE *v.* ROSE.

**3. Criminal Law § 84—**

Even in the absence of impeachment of the credibility of prosecutrix as a witness, the State is entitled to introduce, for the purpose of corroboration, evidence of prior consistent statements made by her, and, to corroborate her statement that defendant assaulted her with a pistol, testimony of a witness that defendant had a pistol in his possession very soon after the attempted assault.

**4. Criminal Law § 97—**

Where, upon defendant's objection to the argument of the solicitor that he would not believe anything defendant said, the court instructs the jury that their beliefs, and not the beliefs or views of the solicitor or of defendant's counsel, were determinative, the argument will not be held for prejudicial error.

**5. Criminal Law §§ 93, 97—**

Upon the argument of the solicitor to the effect that defendant's brother, who had testified as to the relationship between the prosecutrix and defendant prior to the alleged criminal assault, would be less likely to tell the truth than prosecutrix, the witness jumped up and left the courtroom. The solicitor made a comment susceptible to the interpretation that the incident reflected upon the witness' credibility. The court instructed the jury that it should not consider matters outside the evidence, and the fact that any person either came into or left the courtroom during the argument of counsel should be disregarded. *Held:* The incident is not ground for new trial.

APPEAL by defendant from *Cohoon, J.,* January 1967 Criminal Session of WAYNE.

Criminal prosecution on indictment charging that defendant on November 2, 1966, "unlawfully, willfully and feloniously did commit an assault on one Viola Marriner; feloniously, by force and against her will, to ravish and carnally know Viola Marriner," etc.

Much evidence was offered by the State and by defendant.

The evidence most favorable to the State tends to show: On November 2, 1966, the prosecutrix, age 20, was living with her husband, age 22, in Goldsboro, N. C., near Seymour Johnson Air Force Base. Her husband, an Airman First Class, was stationed at this base. Prosecutrix had met defendant through her association with certain of his relatives. There was no relationship between them other than that of casual acquaintance. About 2:00 p.m. on November 2, 1966, prosecutrix and her little daughter, age fourteen months, were alone in their home. The little girl was on the sofa in the living room. Prosecutrix was waxing the floor in her little girl's bedroom. She did not know anyone had entered the home until, turning around, she saw defendant standing beside her, with a pistol in his hand. Defendant declared his intent to have sexual intercourse with her then and there, demanded that she take her clothes off, threatened to kill her and her little girl if she resisted his advances.

She refused to yield to his demands. They fought in the child's bedroom, later in the larger bedroom, and during the continuing struggle he struck her, choked her and tossed her across the bed onto the floor, until finally she got free from his grasp and fled from the home, reporting what had occurred to the neighbors, the police and a physician at Seymour Johnson Air Force Base.

The evidence most favorable to defendant tends to show: Prosecutrix had visited him at the home of his brother and of his grandmother and elsewhere. Their relationship had developed into one of mutual affection. Often they had been observed hugging and kissing in the home of defendant's brother and of defendant's grandmother. On the afternoon of November 2, 1966, he knocked at the door of the home of prosecutrix. No one answered. He saw the little girl on the sofa and walked in, called to the prosecutrix and she responded by telling him to come back to the child's bedroom. He put his arms around her and she put her arms around him. She told him he ought not to be there; that she thought her husband had a neighbor watching the house to see if he was there. Defendant testified: "We saw a shadow come by and she walked out the front door and I walked out the back."

The jury returned a verdict of guilty as charged. Judgment, imposing a prison sentence of not less than ten nor more than twelve years, was pronounced. Defendant excepted and appealed.

*Attorney General Bruton and Assistant Attorney General Goodwyn for the State.*
*Braswell & Strickland for defendant appellant.*

BOBBITT, J. Defendant's counsel noted sixty-nine exceptions. Those brought forward in his brief are referred to below. All others are deemed to be abandoned. Rule 28, Rules of Practice in the Supreme Court, 254 N.C. 783, 810.

Based on Exceptions Nos. 1, 2, 41 and 54, defendant contends the court erred by failing to grant his motions for judgment as in case of nonsuit. This contention is without merit. There was ample evidence to support the verdict of guilty of assault with intent to commit rape.

Based on Exceptions Nos. 14, 40, 48 and 20, defendant contends the court erred when it allowed the State to introduce evidence of prior consistent statements made by the prosecutrix when she, *according to defendant,* "had not been impeached on the stand." Evidence of this character, to which Exceptions Nos. 14, 40 and 48 relate, was competent as corroborative evidence. *S. v. Brooks,* 260 N.C. 186, 132 S.E. 2d 354, and cases cited; Stansbury, North Carolina Evi-

dence, Second Edition, §§ 51, 52. Exception No. 20 relates to the testimony of a State's witness that defendant, when observed by this witness between 2:00 and 2:30 p.m., had a pistol in his possession. This was competent as tending to corroborate the testimony of the prosecutrix that defendant had a pistol when he entered her home and assaulted her. Moreover, the premise on which defendant bases his contention that the evidence involved in these exceptions. was incompetent is without substance. The prosecutrix was the *first* witness for the State. Her testimony was substantially impeached during an extended cross-examination. These exceptions are without merit.

Based on Exceptions Nos. 58 and 59, defendant contends the court erred in instructing the jury as to the distinction between corroborative evidence and substantive evidence. He does not contend the instructions given were incorrect. His contention is that the evidence offered to corroborate the prosecutrix was incompetent and therefore no instruction as to the significance of corroborative evidence should have been given. Theese exceptions are without merit.

Based on Exceptions Nos. 55 and 57, defendant contends the court erred "when it allowed the Solicitor to make remarks to the jury prejudicial to the defendant."

The portion of the record on which Exception No. 55 is based is as follows:

"Solicitor Taylor, during the argument, objects to Mr. Strickland stating to the jury that anybody lied.

"COURT: Yes; that is for the jury.

"ATTORNEY FOR DEFENDANT OBJECTS during the argument of the Solicitor, to the Solicitor saying that he wouldn't believe anything the defendant said.

"THE COURT INSTRUCTED THE JURY as follows: It is what you, the jury, believe the witness to of *(sic)* said and not what the Solicitor or Counsel believes."

In the record, immediately below the quoted excerpt, there appears, without comment or explanation, the following: "EXCEPTION #55."

The excerpt to which Exception No. 55 relates does not disclose precisely what actually occurred. The record does not disclose exactly what defendant's counsel said or exactly what the solicitor said on the occasions referred to or elsewhere in their arguments. The fourth paragraph indicates the judge instructed the jurors in substance that their belief, not the beliefs or views of the solicitor or of defendant's counsel, were determinative. We find nothing to indicate that anything in this incident misled or improperly in-

fluenced the jurors. It is noteworthy that defendant's counsel made no motion that the court give any further instruction or caution to the jurors.

The portion of the record to which Exception No. 57 refers is as follows:

"Attorney for defendant further objects to the argument of Solicitor to the jury.

"MR. TAYLOR: 'During my argument to the jury, I asked the jury this question: Would it be more likely that Mrs. Mariner would fabricate the truth in this case or would it be more likely that Baby Brother Larry would fabricate the truth in this case?' (At which time Larry jumped up and left the courtroom.)

"ATTORNEY FOR DEFENDANT: 'At which time the defendant made a comment.'

"MR. TAYLOR: I said, 'He has answered that question.'

"OBJECTION OVERRULED. DEFENDANT EXCEPTS."

In the record, immediately below this excerpt, there appears, without comment or explanation, the following: "EXCEPTION #57."

The phraseology of this excerpt suggests that it was prepared subsequent to the occurrence of the event referred to therein. It appears therefrom that Solicitor Taylor during his argument asked the jury the quoted rhetorical question. The Mrs. Mariner to whom he referred is the prosecutrix. The "Baby Brother Larry" to whom he referred was defendant's brother, Larry Allen Rose, *one* of the witnesses whose testimony as to the prior relationship between the prosecutrix and defendant was in conflict with the testimony of the prosecutrix. The excerpt indicates "Larry jumped up and left the courtroom" when Solicitor Taylor asked the quoted rhetorical question. Thereafter, according to defendant's attorney, "the *defendant* made a comment." (Our italics.) There is nothing in the record to indicate either the substance or the subject of defendant's comment. After the defendant "made a comment," Solicitor Taylor said, "He has answered that question."

It was permissible for the solicitor *to contend* that Larry Allen Rose would be more likely to "fabricate the truth" than the prosecutrix. It is unclear whether the solicitor's remark, "He has answered that question," refers to the departure of Larry Allen Rose from the courtroom or to the comment made by defendant. When interpreted in the light most unfavorable to the State, the solicitor's remark may be considered *a contention* that the departure of Larry Allen Rose from the courtroom should be considered a circumstance bearing adversely upon his credibility as a witness. Why he left the courtroom is a matter of conjecture. Whether he returned is not disclosed. The jury had observed him during the trial in his role as

witness. Under the circumstances, whatever the exact setting and significance of the solicitor's remark, there is no substantial reason to believe it misled or improperly influenced the jurors.

Ordinarily, an improper argument may be corrected by instructions given during the court's charge to the jury. *S. v. Smith*, 240 N.C. 631, 635, 83 S.E. 2d 656, 658, and cases cited. The court's charge, which followed the solicitor's argument, includes these instructions: "The law makes it your duty to consider all legitimate contentions made by counsel for the defendant or the Solicitor for the State, and to consider any other legitimate contentions that arise out of the evidence, whether called to your attention or not. *You will not consider matters outside of the evidence which have no bearing or which are not legitimate to be drawn from the evidence if so made. The fact that any person either came into or left the courtroom during the argument of counsel you will disregard and attach no significance thereto if such occurred.*" (Our italics.)

"The manner of conducting the argument of counsel, the language employed, the temper and tone allowed, must be left largely to the discretion of the presiding judge." *S. v. Bryan*, 89 N.C. 531. Ordinarily, this Court "will not review his discretion unless it is apparent that the impropriety of counsel was gross and well calculated to prejudice the jury." *S. v. Baker*, 69 N.C. 147; *S. v. Bowen*, 230 N.C. 710, 55 S.E. 2d 466, and cases cited; *S. v. Smith, supra; S. v. Barefoot*, 241 N.C. 650, 86 S.E. 2d 424.

The solicitor's remark was not directed towards defendant or defendant's testimony. The testimony of Larry Allen Rose did not relate to anything that occurred on the occasion of the alleged assault. As indicated above, it related solely to the prior relationship between the prosecutrix and defendant and was in substantial accord with the testimony of other witnesses offered by defendant.

The solicitor's remark was quite different from the remarks of the solicitor in *S. v. Smith, supra,* for which a new trial was awarded, and from the remarks of the solicitor in *S. v. Bowen, supra,* and *S. v. Barefoot, supra,* where the solicitor's remarks were held insufficient ground for a new trial.

Under all the circumstances, we think it quite clear that the jury understood fully that the departure of Larry Allen Rose from the courtroom during the solicitor's argument did not constitute evidence in the case and that the solicitor's remark, "He has answered that question," did not prejudice defendant in the jury's deliberations.

Defendant having failed to show prejudicial error, the verdict and judgment will not be disturbed.

No error.