STATE OF NORTH CAROLINA v. COLONEL LEE WORTHAM

No. 101

(Filed 6 June 1975)

1. **Constitutional Law § 31; Criminal Law §§ 95, 169— extrajudicial statement of nontestifying codefendant — admission harmless error**

Defendant did not waive his objection to testimony by a law enforcement officer concerning a statement made by a nontestifying codefendant to the officer outside defendant's presence, and evidence as to the statement should have been excluded; however, the competent evidence against defendant so positively established his guilt in the participation of the armed robbery that the incompetent evidence admitted was harmless beyond a reasonable doubt.

2. **Criminal Law § 102— jury argument — remark by District Attorney not improper**

In an armed robbery case the District Attorney's remarks in his jury argument, "they are thieves, they are rogues, they are scoundrels," were not improper and did not entitle defendant to a new trial where the District Attorney did not travel outside the record in making the remarks and his characterization of defendant, if directed to him, did not require that the trial court exercise his discretion and limit the argument.

ON *certiorari* to review the decision of the Court of Appeals, 23 N.C. App. 262, 208 S.E. 2d 863, which found no error in the judgment of *Bailey, J.,* 25 March 1974 Criminal Session of GRANVILLE County Superior Court.

Defendant was charged in a bill of indictment, proper in form, with armed robbery. He entered a plea of not guilty.

The State's evidence tends to show that on the 16th day of January 1974 defendant in company with Dan Moss, James Royster and Lewis Royster drove his automobile around Oxford for the purpose of "getting some money." After finding that several places were not "right," they stopped at the Buy-Quick Food Mart operated by Jim Hobgood. Lewis Royster, armed with a pistol and accompanied by his brother James, entered the store and by the use of the pistol took over $320 from the cash register. At that time defendant was also in the store purchasing a "soft drink and some cigarettes." While the robbery was in progress, defendant departed and pulled his automobile around on a side street, where he waited with the motor running until he was joined by his other companions. The four occupants of the car later divided the money.

The State's evidence included the testimony of Lewis Royster and James Royster.

Defendant's evidence tended to show that on the night of 16 January 1974 he was at the home of Otis Royster playing cards. He there encountered James Royster, Lewis Royster, and a third man whom he did not yet know, and they asked him to take them to the Buy-Quick Food Mart to buy wine. He had not previously known any of these persons, but on the next day he learned the Roysters' names. Dan Moss was at Otis Royster's home, but he did not accompany them to the food mart. On the way to the store the other men talked about robbing the store, but he paid no attention to this "talk." When they arrived, the Roysters entered the store, and after talking to some girls whom he saw on the street, he entered the store and purchased a "soda" and some cigarettes. At that point Lewis Royster stuck a gun in the store owner's face, and his brother James took money from the cash register. He slowly backed out of the store and told the third unidentified man that those "fools" were robbing the place. Thereupon the third man pulled a gun and forced him to pull his automobile around to a side street, where they waited until the Roysters joined them. He then drove out into

State v. Wortham

the country, where his passengers got out. He reported these occurrences to the police on the next day after he had finished work.

The jury returned a verdict of guilty as charged. Defendant appealed from judgment entered on the verdict, and the Court of Appeals found no prejudicial error in the trial. We allowed *certiorari,* pursuant to G.S. 7A-31, on 4 February 1975.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

*C. W. Wilkinson, Jr., for defendant.*

BRANCH, Justice.

[1] Defendant contends that the trial judge erred in allowing the State's witness, S.B.I. Agent Momier, to testify on rebuttal as to a statement made to him by a codefendant, Dan Moss, which statement was not made in defendant's presence. We quote the portion of the record pertinent to this assignment of error:

> Mr. Momier said he was present when they arrested Dan Moss. He stated that Mr. Moss was warned of his constitutional rights. He stated that Dan Moss made the statement that he was on the car with Colonel Wortham and the two Roysters on the night before the robbery and that he did not commit the robbery.

> At this point, the solicitor asked the following question:

> "Mr. Momier, this was on the night before the robbery, or on the night of the robbery?"

> Both the defendant Wortham and the defendant Moss objected.

> The objection was overruled by the Court.

> The defendant Wortham excepted.

> EXCEPTION No. 7.

> Answer to this question, "It was on the night of the robbery."

> Momier stated that Dan Moss admitted that he was on the car with them.

In finding no error in the admission of this evidence, the Court of Appeals stated that the record indicated that the witness Momier was allowed to answer several questions concerning the Moss statement before objection was made and that defense counsel's failure to make timely objection waived the objection. The Court of Appeals further held that the admission of the evidence, if error, was harmless error beyond any reasonable doubt.

Without hearing the inflection of the witness's voice, it is impossible for us to decide from the cold record whether the witness Momier meant to state that Moss said he was with defendant and the Roysters on the preceding night or at an earlier time on the night of the robbery. Under these circumstances we think that it would be unfair for us to interpret this ambiguous statement so as to presume error on the part of defense counsel in not properly lodging his objection. We, therefore, do not agree with the conclusion of the Court of Appeals that defendant waived his objection.

Since the codefendant Moss did not testify, the evidence as to his extrajudicial statement should have been excluded. *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed. 2d 476; *State v. Fox,* 274 N.C. 277, 163 S.E. 2d 492. Thus, there only remains the question of whether the improperly admitted evidence was sufficiently prejudicial to warrant a new trial. The challenged evidence contributed nothing toward proving defendant's guilt of any element of the crime of armed robbery. It did tend to impeach his credibility by contradicting his statement that codefendant Moss was not in the car during the night of the robbery. All of the evidence in this case places defendant at the store at the time of the armed robbery. The uncontradicted evidence also reveals that he transported two of the confessed robbers to the scene of the robbery and afterwards carried them away from the scene. The Roysters, the one who actually used the pistol in the armed robbery and the other who took the money from the cash register, each testified that in addition to being the driver of the automobile, defendant took part in the plan to rob and received a part of the proceeds of the robbery.

The test of harmless error is "whether there is a reasonable possibility that the evidence complained of might have contributed to conviction." *State v. Brinson,* 277 N.C. 286, 177 S.E. 2d 398. Here the competent evidence against defendant Colonel

Lee Wortham so positively established his guilt in the participation of the armed robbery that the incompetent evidence admitted was harmless beyond a reasonable doubt. *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed. 2d 284; *State v. Davis* and *State v. Fish,* 284 N.C. 701, 202 S.E. 2d 770, *cert. denied,* 419 U.S. 857, 95 S.Ct. 104, 42 L.Ed. 2d 91; *State v. Fletcher* and *State v. St. Arnold,* 279 N.C. 85, 181 S.E. 2d 405.

[2] Defendant next argues that he is entitled to a new trial because of improper remarks by the District Attorney during his argument to the jury.

The record contained only this fragmentary excerpt concerning the District Attorney's argument: "During the course of Mr. Allen's argument to the jury, Mr. Allen stated 'they are thieves, they are rogues, they are scoundrels.' " The record does not show the context in which these remarks were made; neither do we know for a certainty that the word "they" included defendant. Nor do we know whether the remarks of the District Attorney were in answer to an argument made by defense counsel.

We find language very similar to that here objected to in *State v. Westbrook,* 279 N.C. 18, 181 S.E. 2d 572, *vacated and remanded as to death penalty only,* 408 U.S. 939, 92 S.Ct. 2873, 33 L.Ed. 2d 761. There the District Attorney characterized the defendants as "two robbers, two thieves, two gunmen and 'killers.' " The Court found no prejudicial error in the remarks of the District Attorney and, *inter alia,* stated:

> This Court has said that the argument of counsel must be left largely to the control and discretion of the presiding judge and that counsel must be allowed wide latitude in the argument of hotly contested cases. *State v. Seipel,* 252 N.C. 335, 113 S.E. 2d 432; *State v. Barefoot,* 241 N.C. 650, 86 S.E. 2d 424; *State v. Bowen,* 230 N.C. 710, 55 S.E. 2d 466; *State v. Little,* 228 N.C. 417, 45 S.E. 2d 542. He may not, however, by argument, insinuating questions, or other means, place before the jury incompetent and prejudicial matters not legally admissible in evidence, and may not "travel outside of the record" or inject into his argument facts of his own knowledge or other facts not included in the evidence. *State v. Phillips,* 240 N.C. 516, 82 S.E. 2d 762; *State v. Dockery,* 238 N.C. 222, 77 S.E. 2d 664; *State v. Little, supra.* On the other hand, when the prosecuting

State v. Wortham

attorney does not go outside of the record and his characterizations of the defendant are supported by evidence, the defendant is not entitled to a new trial by reason of being characterized in uncomplimentary terms in the argument. *State v. Bowen, supra.*

The prosecuting attorney may use "appropriate epithets which are warranted by the evidence," . . . . In *State v. Bowen, supra,* the epithet, "these two thieves," was not approved by this Court but was held not to be ground for a new trial because it was "a conclusion drawn from the evidence." . . .

. . . The defendant being charged on this trial with murder in the first degree, it was not improper for the prosecuting attorney to characterize him and his companion as "killers." . . .

In instant case defendant was charged with armed robbery, and there was ample evidence to support the charge. An armed robber is a thief, a robber, and certainly a thief and a robber may be aptly characterized as a scoundrel. Thus, it appears that the District Attorney did not travel outside the record and that his characterization of defendant, if directed to him, did not demand that the trial judge exercise his discretion and limit the argument.

We think it only proper to observe that the District Attorney was perilously near crossing the line from allowable denunciation into the forbidden territory of abuse which would have required reversal. In any event, we agree with the Court of Appeals that, in light of the stated circumstances, reversible error does not appear.

Our further consideration of this case convinces us that *certiorari* was improvidently allowed and that the action of the Court of Appeals in finding no prejudicial error was correct.

The decision of the Court of Appeals is

Affirmed.