STATE OF NORTH CAROLINA v. RANDY MILLER DAVIS

No. 8528SC861

(Filed 1 April 1986)

**1. Constitutional Law § 63; Jury § 7.11— jurors excluded for death penalty views**
     Defendant's constitutional right to a fair and impartial trial was not denied by the trial court's allowing the prosecutor to challenge for cause potential jurors who voiced opposition to the death penalty.

**2. Criminal Law § 102.5— prosecutor's improper questions—mistrial not required**

The trial court acted properly in sustaining defendant's objections to the prosecutor's questions designed to plant in the minds of the jurors the thought that defense counsel had attempted to procure perjured testimony, and the trial judge did not abuse his discretion by failing to declare a mistrial.

APPEAL by defendant from *Gaines, Judge.* Judgment entered 14 February 1985 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 3 March 1986.

Defendant was indicted for the first-degree murder of Salvadore Montez, Jr. The evidence showed that defendant and Montez had had a sort of "running feud" going on between them and that each had threatened to kill the other. On the day of the murder, defendant forced some friends to accompany him as he drove to several different places around Asheville, possibly searching for Montez. They testified that they had gone with defendant because he had displayed a gun to them and that they had felt threatened.

Defendant finally spotted Montez in the parking lot of the Pisgah View Apartments, a public housing project in Asheville. He shouted at Montez, who stopped and walked up to defendant's car. The two argued briefly and defendant shot Montez, killing him. The testimony of the witnesses varied as to where each of the antagonists were when the shot was fired. Also, the testimony differed as to whether Montez had pulled a knife just before he was shot. However, all of the witnesses agreed that there was an argument and that defendant shot Montez.

The defendant argued that the shooting was self-defense. The trial judge instructed the jury on first degree murder, second degree murder, voluntary manslaughter and not guilty by reason of self-defense. The jury returned a verdict of guilty of second degree murder and the trial judge sentenced defendant to thirty years imprisonment. Defendant appeals.

*Attorney General Lacy H. Thornburg by Assistant Attorney General Thomas B. Wood for the State.*

*Acting Appellate Defender Malcolm Ray Hunter, Jr. by Assistant Appellate Defender Gordon Widenhouse for defendant-appellant.*

PARKER, Judge.

[1] Defendant brings forth two assignments of error. One challenges the jury selection process. Defendant's case was tried as a capital case, and during jury *voir dire* the prosecutor was allowed to challenge for cause those jury venirepersons who voiced opposition to the death penalty. Defendant argues that this procedure violated his right, guaranteed by both the federal and state constitutions, to a fair and impartial jury made up of a cross section of the community. *See Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed. 2d 776 (1968). Empirical studies have been conducted which have shown that so-called "death-qualified" juries are more likely to convict a defendant than those not culled of people opposing the death penalty, and at least one of the United States Courts of Appeals has determined that this evidence was enough to show a violation of defendant's right to a fair trial. *See Grigsby v. Mabry*, 758 F. 2d 226 (8th Cir. 1985), *cert. granted sub nom., Lockhart v. McCree*, --- U.S. ---, 106 S.Ct. 59, 88 L.Ed. 2d 48 (1985). However, the Court of Appeals for this circuit and our own Supreme Court have consistently rejected this argument. *E.g., Keeten v. Garrison*, 742 F. 2d 129 (4th Cir. 1984); *State v. Payne*, 312 N.C. 647, 325 S.E. 2d 205 (1985). Moreover, our Supreme Court has recently refused to reconsider its holdings on this issue in light of *Grigsby. State v. Peacock*, 313 N.C. 554, 330 S.E. 2d 190 (1985). We, therefore, overrule this assignment of error.

[2] Defendant's other assignment of error is that the trial court erred in failing to declare a mistrial after certain improper questions were asked by the prosecutor. During the redirect examination of State's witness Janice Gail Edwards, one of the people in the car with defendant at the time of the shooting, the following exchange occurred:

Q. Now, did you inform Mr. Hyler (defendant's attorney) you had given a statement to the police?

A. Yes, I did.

Q. What did he say about that statement?

MR. HYLER: Objection.

MR. BROWN: He's opened the door to this, Your Honor.

COURT: Sustained.

QUESTIONS BY MR. BROWN:

Q. Did you inform Mr. Hyler you had given a statement to the police two years before?

A. Yes, I did.

Q. Did he tell you to forget about this statement?

MR. HYLER: Objection.

COURT: Sustained.

Q. Did he say you could say something else other than what was in this statement?

MR. HYLER: Objection.

COURT: Sustained.

Q. Did he have a discussion with you about perjury?

MR. HYLER: Objection.

COURT: Sustained.

Defendant contends that this line of questioning was calculated only to prejudice defendant by planting in the minds of the jurors the thought that defense counsel had attempted to procure perjured testimony. A prosecutor "may not place before the jury through insinuating questions, argument or other means any evidence which is incompetent and prejudicial and not legally admissible in evidence." *State v. Herndon,* 292 N.C. 424, 430, 233 S.E. 2d 557, 562 (1977). While the prosecutor's questioning of the witness in this case violated his "duty to refrain from improper methods calculated to bring about a wrongful conviction," *State v. Britt,* 288 N.C. 699, 711, 220 S.E. 2d 283, 291 (1975), *quoting* 63 Am. Jur. 2d, Prosecuting Attorneys, { 27 (1972), the prejudice to defendant resulting from the questioning was not so great as to require the trial judge to declare a mistrial *ex mero motu.*

The cases cited by defendant in support of his argument all involved prosecutorial misconduct far more flagrant than that involved here. The trial judge in this case sustained defendant's objections to the questioning. No motion was made for a mistrial.

Control of the conduct of counsel during a trial is left largely to the discretion of the trial judge. *State v. Bowen*, 230 N.C. 710, 55 S.E. 2d 466 (1949). In our view, the judge below acted properly in sustaining defendant's objections to the questions and did not abuse his discretion by failing to declare a mistrial. This assignment of error is overruled.

Defendant attempts to argue a third assignment of error. However, we note that this assignment was not contained in the record on appeal and that defendant's motion to amend the record to include a new assignment of error was denied. Therefore, the purported assignment of error is not properly before us, and we shall not consider it. N.C. Rule App. Proc. 10(a).

No error.

Chief Judge HEDRICK and Judge WEBB concur.